George Tilzer, J.
This is an application pursuant to article 78 of the Civil Practice Law and Buies for an order reviewing and annulling a determination of respondent, Comptroller of the City of blew York and directing the respondent to furnish petitioner with a certification that petitioner’s proposed schedule of electricians’ wage rates and supplemental benefits is acceptable and in compliance with section 220 of the Labor Law, or for alternative relief.
Petitioner herein is an electrical contractor seeking to bid on public construction contracts.
Section 220 of the Labor Law requires any contractor who enters a bid for a public contract to pay the prevailing wages and give to his employees certain prevailing supplements. Under the law, the respondent is authorized to determine such prevailing wages and supplements, and to certify any contractor who meets the requirements, to bid on public contracts.
There is no issue here as to wages, since petitioner is ready, willing and apparently able to comply with the scale set forth by respondent.
The problem, however, arises in the area of supplements. The statute defines supplements as any payments made in a medium other than cash or payments other than wages, made for pension, welfare funds, health benefits, vacations, etc., given to a majority of the employees in the same classification of employment. Petitioner’s application was denied upon its failure to comply with respondent’s schedule of supplements. The supplements listed by respondent are specific and clearly patterned and designed in accordance with those benefits required to be given *1099 to electricians who belong to a different union from that of petitioner’s employees. To comply with the supplemental benefits as certified by the respondent, petitioner would be compelled to pay benefits into specific funds which are direct arms of the other union thereby depriving its employees of these benefits and further it would constitute a breach of the collective bargaining agreement between the petitioner and his employees’ union. Petitioner, however, is quite willing to comply with the prevailing supplements in any manner set forth by respondent which is not inconsistent with petitioner’s legal obligations.
The respondent contends that the petitioner has no right to bring this proceeding; that section 220 of the Labor Law was enacted for the exclusive protection and preservation of the rights of employees. True, it was the prime purpose of the Legislature in enacting the statute to provide ‘ ‘1 protection against possible injustice on the part of contractors in their dealing with their laborers, workmen and mechanics ’ ” (Matter of Yerry v. Goodsell, 4 A D 2d 395, 405) and a means was provided in the statute, that is, the complaint procedure, for enforcement upon the part of an employee of the prevailing rate of wages statute. But this is not to say, nevertheless, that the public interest in the statute may not be safeguarded or enforced by one other than an employee who is or has been in the employ of a violator. Quite apart from the fact that the Labor Law itself provides for the maintenance of proceedings for the removal of an officer having a duty to act under any of the provisions of the law (§ 210), “ any citizen may maintain a mandamus proceeding to compel a public officer to do his duty”. (Matter of Yerry v. Goodsell, supra, p. 403.)
Respondent admits that he is the fiscal officer charged with the responsibility of certifying the prevailing rates of wages to be paid and the prevailing supplemental benefits to be provided to mechanics, employed by contractors engaged in the construction of public works. This certification, moreover, was here made because the “ department of jurisdiction ”, the Board of Education of the City of New York, advised the petitioner that its qualification statement (cf. Matter of Caristo Constr. Corp. v. Rubin, 30 Misc 2d 185, 188) could not be approved until the board was furnished a statement from the respondent that its schedule of wage rates and supplemental benefits was acceptable to said fiscal officer.
We conclude that the proceeding may be maintained by petitioner. Public policy requires that all responsible bidders shall have an opportunity to submit bids on public work.
*1100 To interpret the statute to hold so far as “ supplements ” are concerned that such benefits shall be the identical benefits paid to named funds or organizations on behalf of a given group of workers in the same trade or occupation in the locality would be contrary to the whole purpose of the statute and detrimental not only to the interests of the workmen for whom the statute was written, but to the best interests of the people of the State as well. To so define “ supplements ” would be to subject the statute to the same vicissitudes as befell the “ prevailing wage ” provision (Campbell v. City of New York, 244 N. Y. 317, 324). While the fixation of supplements contemplates remuneration in any medium other than cash, we construe this provision as requiring the payment of equal or equivalent benefits to those paid workmen in the locality. To enforce the schedule of supplements set forth by respondent would be to grant to one union a monopoly over all public construction. The determination of such supplements and the amount thereof shall be in accord with the statutory scheme to the end that all employees on public projects shall receive equal or equivalent supplements as those received by a majority of employees in the same industry in the same category.
The application is granted to the extent of remanding the proceeding to the respondent directing him to issue a schedule of wages and supplements to petitioner in accordance with the foregoing, to which petitioner may realistically and legally respond, and to thereafter, upon proper compliance, certify petitioner’s eligibility to enter bids on public contracts.