OPINION OF THE COURT
Harold Hyman, J.
In this article 78 proceeding, petitioner seeks a judgment *438 declaring that it was the lowest responsible bidder for a contract let by the City of New York for the installation of diesel fuel systems at certain engine companies located in Brooklyn. Petitioner also seeks a judgment directing that it be awarded the contract. District Council No. 9 of the International Brotherhood of Painters and Allied Trades, AFL-CIO cross-moves to intervene.
The basic facts that gave rise to this controversy are not in dispute. Prior to December 22, 1977 the City of New York advertised for public bidding and that advertisement indicated that sealed bids would be received until December 22, 1977. All bidders were required to indicate whether they provided a health plan for their employees. On December 22, 1977 bids were opened and petitioner’s bid was the lowest. Thereafter petitioner was informed by the City of New York that the contract would not be awarded to it because it did not comply with Executive Order 89 drafted by the office of the Mayor of the City of New York. That order provides, inter alia:
"Whereas, The payment to employees of prevailing wages and benefits pursuant to Section 220 of the Labor Law by contractors engaged in public works has been a subject of serious concern to the City; and
"Whereas, In order to protect the public interest and the welfare of the employees in the payment of prevailing wages and benefits, it is desirable and necessary to provide safeguard and adopt certain procedures to insure compliance with the provisions of Section 220.
* * *
"§ 3. If the low bidder indicates that he does not provide a participating health and welfare program or a registered pension plan, the agency head may not award the contract to that low bidder.”
The basis of this proceeding is petitioner’s contention that Executive Order 89 is illegal and therefore the City of New York acted improperly in rejecting petitioner’s bid on the contract. Petitioner contends that pursuant to section 220 of the Labor Law, the city could not require as a prerequisite to the award of a contract that the contractor have a health plan for its employees. Petitioner further contends it has complied with section 220 of the Labor Law since it paid supplemental funds to its employees instead of securing a health plan for them.
*439 In opposition, respondents contend that this determination that a contractor provide a health plan for its employees is reasonable and is in fact required by section 220 of the Labor Law and that the payment of extra money to the contractor’s employees does not satisfy requirements of section 220 of the Labor Law.
Subdivision 3 of section 220 of the Labor Law provides that the wages to be paid for a legal day’s work to workmen on public works shall not be less than the prevailing rate as defined in that statute. Similarly, the supplements to be provided to laborers on public works are to be in accordance with prevailing practice in the locality. The term "supplement” is defined in section 220 (subd 5, par b) "all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not 'wages’ within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability * * * and life insurance.”
Accordingly, the question presented in this proceeding is whether the statutory direction that a contractor provide supplements to his employees is satisfied by the payment of a cash allowance in place of the specific supplement. This court is of the opinion that cash payments made by the contractor in this case do not satisfy the statutory requirement for the following reasons: "
Subdivision 3 of section 220 of the Labor Law specifically provides:
"The supplements, as hereinafter defined, to be provided to laborers, workmen or mechanics upon such public works, shall be in accordance with the prevailing practices in the locality, as hereinafter defined.
* * *
"The supplements, as hereinafter defined, to be provided to laborers, workmen or mechanics upon any material to be used upon or in connection therewith, shall be in accordance with the prevailing practices in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used. Such contracts shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor *440 or other person about or upon such public work, shall be provided the supplements as required in this article.
"It shall be the duty of the fiscal officer, as defined in this section, to ascertain and determine the schedules of supplements to be provided and wages to be paid workmen, laborers and mechanics on each such public work, prior to the time of the advertisement for bids, and such schedules shall be annexed to and form a part of the specifications for the work.”
In addition, subdivision 3-a of section 220 of the Labor Law specifically provides that it shall be the duty of the department of jurisdiction to file with the fiscal officer the classification of workmen, mechanics and laborers to be employed upon such public works project, together with the statement of the work to be performed by each classification and "it shall be the duty of the fiscal officer to make a proper classification of such workmen, mechanics and laborers and to make a determination of the schedules of wages and supplements to be paid or provided, as the case may be”. (Emphasis supplied.)
From the above sections it is clear that the draftsmen of the statute in using the term "paid or provided” made an important distinction between wages and supplements. By using the term "paid or provided” it is clear that the draftsmen were giving authority to the person who determined the prevailing wage and supplement practice in the locality to require that in á necessary case a contractor could be required to provide a supplement rather than just pay additional money in its place. Pursuant to subdivision 3 of section 220, which states that the supplements to be provided shall be in accordance with prevailing practices in the locality, respondent was authorized under the circumstances to require that all bidders provide a health plan for their employees. The affidavit submitted by the assistant to the Comptroller indicates that he conducted a thorough investigation throughout the metropolitan area and that the predominant practice "among contractors, indeed the predominant practice among the vast majority of all contractors interviewed, is the payment by employers into a designated recognized benefit fund, rather than direct payments to the workers themselves.” Similarly, that affidavit indicates that payments made into the fund provide future benefits vastly superior to benefits arising from direct payments to the employee, inasmuch as when the payment is made directly to the employee it may very well be used to *441 cover current needs and expenses and not for present and future health needs.
Finally, in support of its application, petitioner relies on Matter of Gottlieb Contr. v Beame (41 Misc 2d 1097). In that case the City of New York required contractors that bid on public works to provide supplements that the court found (pp 1098-1099) were "clearly patterned and designed in accordance with those benefits required to be given to electricians who belong to a different union than that of petitioner’s employees.” The court also found (p 1099) that to comply with the supplemental benefits certified by the Comptroller, "petitioner would be compelled to pay benefits into specific funds which are direct arms of the other union”. The court determined that to enforce the schedule of supplements set forth would be to grant one union a monopoly over all public construction and the court properly found that the Comptroller should issue a schedule of supplements which were more realistic. Gottlieb (supra) is obviously distinguishable from the case at bar since Executive Order 89 requires all bidders to have a health plan of their own and since the city has made a finding that the predominant number of contractors in the locality do provide health plans for their employees.
Accordingly, this court finds that respondents acted properly and in compliance with section 220 of the labor Law in requiring all bidders to have a health plan for their employees.
The petition must be dismissed and the cross motion to interpose is denied.