OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks judgment declaring: (1) that the award of bid No. 79-61 parapet and roof work on the Rensselaer County Jail building is void in that said award was arbitrary, capricious and unlawful; and (2) that the respondent Edward J. Martone failed to perform a duty enjoined upon him by law in failing to award said contract to the lowest responsible bidder.
On October 15, 1979, four bidders, including petitioner, submitted bids for certain roof repairs to the Rensselaer County Jail. Petitioner’s bid of $167,700 was the lowest bid and respondent Bast Hatfield’s bid of $171,950 was the second lowest bid. Thereafter, on January 21, 1980, petitioner was *751 advised by respondent Edward J. Martone that the contract was being awarded to Bast Hatfield, Inc., because petitioner’s apparent low bid did not meet the bid specifications in that it did not comply with a resolution passed by the Rensselaer County legislature adopted on April 10, 1979 which called for an approved apprentice training program.
The resolution provided, insofar as pertinent, as follows:
"resolution requiring contractors, desiring to bid on CONSTRUCTION WORK FOR THE COUNTY OF RENSSELAER, TO PROVIDE PROOF OF CERTAIN EMPLOYEE BENEFITS
"whereas, in order to protect the public interest and the welfare of the employees in the payment of prevailing wages and benefits; and
"whereas, it is desirable and necessary to provide safeguards and adopt certain procedures to insure compliance with the provisions of Section 220 of the State Labor Law; and
"whereas, these safeguards are in the best interests of the taxpayer and the citizens of Rensselaer County, now, therefore be it
"resolved, that any contractors desiring to bid on any construction, alterations, repairs to any County owned building, must show proof to the proper agency of the County that the employees of the contractor are covered by an approved health and hospital insurance plan, an approved pension plan and an apprentice training program, pursuant to standards approved by the New York State Apprentice Program.”
Petitioner contends that the resolution in effect limits work on public contracts to union contractors and, therefore, it and any actions taken thereunder are unconstitutional against public policy and unenforceable.
This court cannot agree with the contentions of the petitioner. The determination that a contractor provide an apprentice training program is reasonable and is, in fact, required by section 220 of the Labor Law and further approved as public policy of the State in section 810 of the Labor Law and contractors may be required to provide the supplemental benefit (apprentice training program) rather than the supplemental cash benefit (see Pilot Mechanical Corp. v Carroll, 94 Misc 2d 437).
The respondents acted properly and in compliance with the Labor Law in requiring all bidders to have an apprentice training program, as well as an approved health and hospital *752 plan and an approved pension plan for their employees, and the award of the contract to the respondent Bast Hatfield, Inc., was neither illegal, arbitrary nor capricious and should be sustained.
The petition is therefore denied.