■ In the Matter of SKYWAY ROOFING OF TROY, INC., Appellant, v COUNTY OF RENSSELAER et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered April 23, 1980 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the awarding of a public works contract by respondent Rensselaer County to respondent Bast Hatfield, Inc. On September 28, 1979, the County of Rensselaer advertised for public bidding on a construction project at the

Rensselaer County Jail, and all prospective bidders were notified of a resolution adopted by the Rensselaer County Legislature which required, *inter alia,* that all bidders provide proof that their employees were "covered by * * * an apprentice training program, pursuant to standards approved by the New York State Apprentice Program." Although petitioner thereafter submitted the lowest bid, the bid was rejected because it did not meet the apprentice training requirement, and the contract was awarded to the second lowest bidder, Bast Hatfield, Inc. Petitioner thereupon commenced the instant proceeding wherein it sought, *inter alia,* the invalidation of the awarding of the contract to Bast Hatfield and a declaration that the resolution of the county legislature was unconstitutional, vague, contrary to public policy and unenforceable. Special Term dismissed the petition, and this appeal ensued. We hold that the judgment of Special Term should be affirmed. In so ruling, we would initially note that it is alleged in the affidavit of Edward J. Martone, the Director of the Rensselaer County Bureau of Central Services, and otherwise uncontroverted that there was attached to the bid specifications for the project in question a schedule of prevailing wages and supplemental benefit payments furnished by the Industrial Commissioner and that this schedule included as a supplement the bidder's participation in an approved apprentice training program. The bidding procedures were thus effectuated in accordance with the pertinent sections of the Labor Law, and to comply with these statutory mandates and the directives of the Industrial Commissioner it was necessary that the county reject petitioner's bid because it lacked proof that petitioner's employees were covered by an apprentice training program as required by the bid specifications (see Labor Law, § 220, subds 3, 5; § 231, subd 4). Under these circumstances, the bid specifications as to apprentice programs had a sound basis in the State Labor Law, and we need not consider petitioner's challenge to the subject resolution of the county legislature because the awarding of the contract to Bast Hatfield, Inc. would have been proper even if the resolution had never been passed. Additionally, we further find that the Industrial Commissioner did not abuse his discretion by including as a required supplement the bidder's participation in an approved apprentice training program. As statutorily defined, "supplement" is a broad and indefinite term (Labor Law, § 220, subd 5, par b), and it can include benefits to employees other than the mere payment of money (cf. *Pilot Mechanical Corp. v Carroll,* 94 Misc 2d 437). In this instance, the employees of the successful bidder would clearly benefit by the availability of apprentice programs. Not only would working conditions on the project be safer for all employees because the training provided in the apprentice programs would result in better trained and more capable coworkers, but also those employees who actually received training would obviously benefit by their increased proficiency at their appointed tasks. In sum, we hold that the Industrial Commissioner could reasonably require participation in an apprentice training program as a supplement and, consequently, that petitioner's bid was properly rejected. Such being the case, we need not disturb the judgment appealed from. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur. [103 Misc 2d 750.]