■ In the Matter of DUBOFF ELECTRIC, INC., Petitioner, v HARRISON J. GOLDIN, as Comptroller of the City of New York, Respondent. — Determination of respondent, dated November 23, 1981, finding that petitioner (1) had willfully violated section 220 of the Labor Law by failing to provide supplemental benefits to employees in connection with public works contracts with the housing authority, comparable or equivalent to prevailing supplemental benefits available to employees in the electrical industry and (2) had failed to maintain adequate books and records, and imposing upon petitioner an assessment in the sum of $3,676.97 and barring petitioner from bidding or being awarded public works contracts for a period of five years, unanimously annulled, on the law, without costs, and the petition granted only to the extent of remanding the matter to Special Term for a hearing for a further and more accurate development of the facts sufficient to finally resolve the legal and factual issues raised. The proceeding is brought to review and annul the determination of respondent that petitioner willfully violated section 220 of the Labor Law, in failing to provide supplemental benefits to employees in connection with public works contracts with the city housing authority on three contracts, Nos. DC-408, DC-201 and DC-346, pertaining to electrical work to be performed in certain public housing projects. It is alleged that the contract schedules called for supplemental benefits to be paid into specified union benefit funds and that this requirement amounted to a violation of, *inter alia,* the Federal antitrust laws and the National Labor Relations Act (US Code, tit 29, § 151, *et seq.*). Petitioner, a nonunion contractor, was charged with improperly paying equivalent cash supplements directly to its nonunion employees in lieu of affording to them equivalent or comparable supplemental benefits, which, it is said, violated the requirement of subdivisions 3 and 5 of section 220 that employees be provided with supplemental benefit plans. According to respondent, the statutory violation warranted the five-year bar imposed upon petitioner. Petitioner, however, argues that the cash payments provided to the employees the equivalent of direct payments into the joint industry board fund (JIB), the national electric benefit fund (NEBF), and the educational fund (EF), and that any contributions made directly to specified union benefit funds would afford no benefit at all to its nonunion employees. We find the present record insufficient to finally resolve the legal and factual issues raised in this proceeding. The contracts at issue here appear to require that payments be made to specified union benefit funds, evidenced by the reference in the schedules to the requirement that the employer pay (1) $.3855 per hour NEBF; (2) $.064 per hour EF; and (3) $.032 per hour JIB. While the contracts mandate compliance with and incorporate all provisions of law, including section 220 of the Labor Law, there is no clause to afford notice that the specific union benefit funds listed in the schedules are merely guides to aid nonunion contractors in creating equivalent or comparable plans. As applied to a nonunionized contractor in the position of petitioner, such a direction to contribute to specific supplemental benefit funds, combined with a prohibition against direct cash benefits to its employees, could be violative of applicable Federal antitrust laws. (see *Matter of Gottlieb Contr. v Beame,* 41 Misc 2d 1097.) Nor does the transcript of the hearing held before the comptroller clarify

the ambiguity. Before we may finally resolve the legal issues raised on petitioner's claim that respondent's interpretation of section 220 of the Labor Law violates Federal and State antitrust laws, at the very least, more accurate and complete proof as to the intention of the parties is required than has been furnished to us on this appeal. Accordingly, we remand the matter to Special Term for further proceedings upon a more complete record. (Cf. *Duboff Elec. v Goldin,* 689 F2d 387.) Although a hearing was held before respondent, we do not perceive the issues raised as involving questions of substantial evidence so as to require direct transfer pursuant to CPLR 7803 (subd 4) and 7804 (subd [g]). Thus, while we disagree with the order which transferred the proceeding to us, without determining any of the legal issues (order, Supreme Ct., New York County [David Edwards, J.], entered July 2, 1982), the incomplete record renders necessary a remand for further proceedings. However, we find lacking in merit petitioner's alternate claim that the provisions contained in section 220 of the Labor Law have been pre-empted by the Federal Davis-Bacon Act (US Code, tit 40, § 276a). This same issue was litigated by these parties in a Federal action involving contracts for different construction projects. (*Duboff Elec. v Goldin, supra.*) Accordingly, application of the principle of collateral estoppel should preclude petitioner from reasserting the same contention in this proceeding. Concur — Sullivan, J. P., Ross, Fein, Milonas and Kassal, JJ.