In the Matter of WARREN BROTHERS COMPANY, DIVISION OF ASHLAND OIL & REFINING COMPANY, Appellant, v. J. ROLAND CRANER, as Purchasing Director of the County of Onondaga, et al., Respondents.

Fourth Department, September 27, 1968.

*Lee Alexander* for appellant.

*Eli Gingold, County Attorney* (*John L. Butts* of counsel), for J. Roland Craner, respondent.

*Bond, Schoeneck & King* (*John A. Beach* of counsel), for Allied Chemical Corp., respondent.

WITMER, J. As the low bidder on an invitation for bids to supply certain blacktop material for use on the roads of Onon-

daga County, petitioner instituted this article 78 proceeding to vacate the award of the contract to respondent Agricultural Division, Barrett Paving Materials, Allied Chemical Corp. (hereinafter referred to as "Allied") and for an order directing respondent Craner, purchasing agent of Onondaga County, to award the contract to petitioner. The invitation to bid and the specifications accompanying it contain the following provisions:

"12. QUALIFICATIONS OF BIDDER:

"No bid will be considered unless the firm submitting the bid can meet the following conditions:

"That it has in operation a factory adequate for and devoted to the manufacture of the equipment it proposes to furnish.

"Contractor shall have access to complete and permanent mixing plant facilities, located in Onondaga County.

"The manufacturer's plant facilities shall be equipped to produce a minimum of three hundred (300) tons of Specification Mix per hour and shall be capable of mixing and loading Items 51A; 45 SY; and 51 AC as designated in the Specification simultaneously."

Three companies submitted bids, namely, General Crushed Stone Co., the high bidder, Allied, the second low bidder, and petitioner, whose bid was $29,649 less than that of Allied. Each of these bidders had a plant in Onondaga County; and they each duly complied with the requirement for filing a performance bond. It is alleged in petitioner's papers, and not disputed, that petitioner is the largest manufacturer of the required material in the Nation; and that, with the product of two of its additional plants located nearby, but outside of Onondaga County, it has capacity to supply nearly double the minimum hourly quantities specified by respondent Craner. Moreover, petitioner charges that respondent Craner knew of these facts. The plant of petitioner which is located in Onondaga County, however, has much less capacity (about 40%) than the minimum per hour provided in the specifications.

After the bids were submitted respondent Craner investigated petitioner's Onondaga County plant, and then, upon the ground that it lacked sufficient capacity and without consulting petitioner about the matter, rejected petitioner's low bid and awarded the contract to respondent Allied.

In bringing this article 78 proceeding, petitioner asked Special Term for a hearing, to place such facts on the record. The court, however, determined that even if such facts be true, the action of respondent Craner was not arbitrary and that hence no hearing was needed, and the court held that it could not and would not disturb the award, and it dismissed the petition.

Petitioner asserts that respondent Craner misinterpreted the specifications; that if they are subject to the interpretation he has given to them, they are at best ambiguous and in such case should be held to be void, requiring a new submission for bids on clearer specifications; and that if they can properly be interpreted as limiting bids to bidders whose plants in Onondaga County have the required capacity, they are illegal and void as contrary to section 103 of the General Municipal Law which provides for free and open competition in bids.

Respondent contends that petitioner did not list or make known that it had any other facilities than its plant in Onondaga County which alone was inadequate, so that in any event it did not comply with the specification requirements.

As the quoted portion of the specifications provides, bidders were required to "have access to complete and permanent mixing plant facilties, located in Onondaga County." Admittedly, petitioner meets such requirements. The specifications further require that the manufacturer's plant facilities shall have 300 tons per hour capacity, etc. It is not disputed on this appeal that petitioner's three plants located within practicable distance of the county contract area have more capacity than is required.

Petitioner reasonably interpreted the specifications in this manner, and reasonably sought to avoid apparent violation of the specifications by listing plants located outside of the county (see *Matter of Olean Std. Equip. Co.* v. *Cattaraugus County Bd. of Supervisors,* 30 A D 2d 758). Respondent Craner, on the other hand, interpreted the specifications as requiring that *all* of the bidders' plant facilities needed to supply the contract be located in Onondaga County and be listed in the bids. The specifications do not expressly so provide. The term "shall have access" does not necessarily limit the plants to Onondaga County, and if the specifications are so interpreted, upon the facts as they appear on this appeal they would be designed to exclude a proper bidder to the detriment of the county and hence be illegal (General Municipal Law, § 103; *Gerzof* v. *Sweeney,* 16 N Y 2d 206; *Matter of Olean Std. Equip. Co.* v. *Cattaraugus County Bd. of Supervisors, supra*; 10 McQuillin, Municipal Corporations [1966 rev. ed.], § 29.44). A contract let without due compliance with the statute for competitive bidding is invalid. (See *Matter of McNutt Co.* v. *Eckert,* 257 N. Y. 100, 104; *Molloy* v. *City of New Rochelle,* 198 N. Y. 402, 410–411; 10 McQuillin, Municipal Corporations [1966 rev. ed.], §§ 29.41, 29.51.)

The location of a plant within a political boundary of the State is not a proper requirement or test for the need of a

product or the ability of the manufacturer to produce it, and hence of the right to bid to supply it. If distance is a proper factor, the requirement should be measured in miles or in a time factor, not by political boundaries. The latter do not go to the merits of the need, and such test lends itself too readily to manipulation and evasion of the statutory requirement of open competition (see 18 Op. St. Comp., 1962, p. 370; 10 Op. St. Comp., 1954, p. 404).

Petitioner sought to prove before the court below that its three plants within the service area are on the average nearer to the areas where the materials are needed than is the plant of respondent Allied and that it can render as effective service as Allied; and respondents have not refuted such contentions. These facts are important. The proper officials of a municipality have the duty to exercise reasonable discretion in determining which bid to accept. If there is a reasonable basis for exercise of such discretion, the determination will not be disturbed by the courts. (*Matter of Kaelber* v. *Sahm,* 281 App. Div. 980, affd. 305 N. Y. 858; *People ex rel. Gaffey* v. *Fobes,* 151 App. Div. 245, affd. 210 N. Y. 598.) Of course, the statute is for the benefit of the municipality, not of the bidders (*People ex rel. Gaffey* v. *Fobes, supra*). Respondent Craner's duty to the county was such that he was required to award the contract to the petitioner unless it reasonably appeared that petitioner did not meet the specification requirements. (See *Matter of Sanford,* 76 N. Y. St. Dept. Rep. 73.)

Although respondent Craner denies knowing of petitioner's nearby product potential, petitioner alleges that he did know beforehand and certainly did know after the meeting which petitioner had with him the month following the award, and yet he persisted in rejecting petitioner's bid. It must be observed that the conduct of respondent Craner lends support to petitioner's charge that preference rather than open competition was his objective.

Since petitioner did have a substantial plant in Onondaga County with auxiliary plants nearby from which sufficient mix admittedly could be supplied as required by the specifications, we find that respondent Craner was arbitrary in rejecting petitioner's bid without investigation and without a hearing, all in violation of the law and to the detriment of Onondaga County. We also find, however, that the invitation for bids was ambiguous, and that if interpreted as arbitrarily excluding a potential bidder because its plant is not in Onondaga County, it was and is illegal, and the contract awarded upon it is void.

Accordingly, the award of the contract to respondent Allied should be vacated.

Petitioner, as the low bidder on this invitation for bids, would be entitled to have the contract awarded to it except for the basic defect in such invitation. Our holding that such invitation and accompanying specifications were ambiguous, if not illegal, leads to the conclusion that other contractors might have submitted bids, to the county's benefit, were it not for the ambiguity or illegality. We, therefore, hold that such invitation to bid was invalid, and not subject to lawful acceptance. If the county still wishes to purchase such material, it shall, in accordance with section 103 of the General Municipal Law and this opinion, issue a new invitation for bids which shall not exclude bidders by reason only of the location of their plant facilities outside of Onondaga County.

The judgment should be unanimously reversed on the law and the facts, the invitation for bids should be declared illegal and void, and the award of the contract to respondent Allied should be vacated, with costs to petitioner against respondent Craner.

WILLIAMS, J. P., GOLDMAN, MARSH and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs to petitioner against respondent, Craner, invitation for bids declared illegal and void, and award of contract to respondent, Allied, vacated.