OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the cross motion of defendant City of Rochester denied, plaintiffs’ motion for summary judgment granted and the case remitted to Supreme Court, Monroe County, for the entry of judgment declaring Ordinance 82-450 invalid and enjoining its enforcement.
General Municipal Law § 103 and similar legislative enactments requiring competitive bidding "evince a strong public policy of fostering honest competition in order to obtain the best work or supplies at the lowest possible price” (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 192-193; see, General Municipal Law § 100-a). So strong is that policy that a seller who obtains a contract in violation of it may be barred from any recovery on the contract or, if that be too draconian a measure, required to repay the difference between his contract price and the low bid (Gerzof v Sweeney, 22 NY2d 297; see, Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 65 NY2d 793).
A municipal ordinance, such as Ordinance 82-450, which establishes a precondition to the award of a contract to the lowest responsible bidder, is inconsistent with General Municipal Law § 103 and, therefore, invalid, unless its establishment as a precondition is expressly authorized by "an act of the legislature or by a local law adopted prior to September first, nineteen hundred fifty-three” (General Municipal Law § 103 [1]). Such is not the case with respect to apprentice training. Ordinance 82-450 was first adopted on September 28, 1982, and although Labor Law article 23 states the "public policy of *856 the state of New York to develop sound apprenticeship training standards and to encourage industry and labor to institute training programs” (Labor Law § 810), the article is applicable only after the contractor or craft "has voluntarily elected to conform with its provisions” (§ 817). And although Labor Law § 220, the prevailing rate of wages statute, in subdivision (3), recognizes the right to pay an apprentice less than the prevailing rate, provided the apprentice receives "supplements in accordance with the prevailing practices” and the apprentice "is individually registered in an apprenticeship program which is duly registered with the industrial commissioner”, we have held that the purpose of that section, and particularly of the supplements, is to equalize minimum labor costs between union contractors and nonunion employers who held an unfair advantage through lower labor costs (Matter of Action Elec. Contrs. Co. v Goldin, 64 NY2d 213, 222), that that "purpose is fulfilled when a contractor pays in cash, totally or partially, the cost of prevailing supplemental benefits to his employees”, and that the section was not concerned "to protect workers from their possible failure to put their additional cash towards a benefits plan” (id.). That this is the correct construction of the statute with respect to apprentices is made indelibly clear by subdivision (3-e) of section 220, which requires that "[a]ny employee listed on a payroll at an apprentice wage rate, who is not registered as above, shall be paid the wage rate determined by the New York State Department of Labor for the classification of work he actually performed.”
Reading the three statutory provisions together, we conclude that the predominate purpose of the State Legislature was the protection of the public fisc by requiring competitive bidding (General Municipal Law § 103), that apprentice training, while a desirable end, was not intended by the State Legislature to affect the qualification of an otherwise responsible low bidder, and that, therefore, Ordinance 82-450 is invalid because in conflict with General Municipal Law § 103. Matter of Skyway Roofing v County of Rensselaer (79 AD2d 1078, lv denied 53 NY2d 606) does not require a different conclusion for, as was pointed out by the dissenting justice below, the holding of the Appellate Division in that case was that because apprentice training was already required by statute, the county ordinance was superfluous. While we now disagree with the suggestion that such training is required by statute, our denial of leave in that case, even if the Appellate Division’s decision is read more broadly, is without precedential *857 effect (Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers], 51 NY2d 861).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur in memorandum; Judge Hancock, Jr., taking no part.
Order reversed, etc.