OPINION OF THE COURT
Irving A. Green, J.
This is a CPLR article 78 proceeding which seeks judgment directing the respondents to refrain from accepting or awarding bids under the present form of bid contract, for a public work known as Morrison Hall Restoration, located at the Orange County Community College located in the City of Middletown, New York, and requiring respondents to prepare new contract specifications for the bid contracts in compliance with sections 101 and 103 of the General Municipal Law.
The petition herein sets forth four causes of action. The causes of action numbered third and fourth have been withdrawn by the petitioners. Accordingly, the court does not reach or address such causes of action.
The issues alleged in the first cause of action set forth in the petition herein, with the exception discussed below, have also been amicably resolved between the parties and are not before the court for consideration or determination.
The remaining unresolved issue pleaded in the first cause of action sets forth petitioners’ grievance that section 01046 of the bid contract documents provides that the general contractor is to perform cutting and patching work required for the work of all contracts including that of other prime contractors. Petitioners argue that such requirement is contrary to the provisions of General Municipal Law § 101, and State Finance Law § 135, in that the over-all supervision and coordination of the other prime contractors, in this multiple contract for public work, must reside with the owner or its agent (architect) and not with the general contractor. (See, Matter of General Bldg. Contrs. v County of Oneida, 54 Misc 2d 260.)
The court does not view the bid contract provision for the general contractor to perform the cutting and patching work required for the work of all other prime contractors to be violative of applicable law. The cutting and patching work *442 necessitated in order for the prime contractors to proceed with the performance of their respective work does not represent the material and substantive nature of their respective work undertaken by them. It is not disputed that the restoration work to be performed upon Morrison Hall involves the restoration of an historic building which has been characterized as "a work of art” by the highly qualified architects engaged by the respondents in connection with the restoration. The affidavit of John G. Waite, sworn to January 18, 1991, submitted herein, a principal in the architectural firm, affords a professional description and assessment of the subject building, which includes elaborate and important stained glass windows designed and fabricated by Louis Tiffany, ornately carved woodwork in a variety of woods, carved stair railing, extensive areas of stone, Mexican onyx, Italian marble, classical ornamentation based on Renaissance precedents. The architect advises the court there is only a limited number of similar historic structures remaining.
It is persuasive to this court, therefore, that in order to minimize, if not avoid, the irreversible destruction of any part of this historic building by reason of the need and extent for cutting and patching in the course of the restoration work, that it is the general contractor in whom such delicate work properly belongs. The cutting and patching is to allow the installation of the various new piping, duct work, conduits, etc., by the various independent prime contractors. It requires, further, supervising coordination by the general contractor to comply with the room finish schedule.
Accordingly, the court finds that the remaining issue before the court set forth in the first cause of action is without merit. It is dismissed.
The second cause of action alleges that provisions of the bid contract documents generally relating to the qualifications of bidders and, further, requiring the listing of subcontractors to be submitted with the bid, are contrary to General Municipal Law § 103 which, the petitioners claim, requires only that the public work contract shall be awarded to the lowest responsible bidder. Petitioners argue that such requirements constitute a "pre-qualification of bidders” not permitted by the relevant statutes. Particularly, petitioners argue, the bidder qualification form restricts acceptable bidders to those who have performed a minimum of two projects within the past five years on buildings listed on the National Register of Historic Places. Thus, petitioners further argue, such precon *443 dition unreasonably restricts the number of eligible bidders and forecloses participation by many otherwise qualified majority, minority and women enterprises.
Firstly, the requirement for the listing of subcontractors with the bid documents has been resolved between the parties and eliminated from the bid contract requirements. The court, therefore, need not and does not reach or address such issue.
With respect to the requirements set forth in the bid contract documents for a presentation of the experience and ability of the bidder to successfully and properly perform the restorative work required under the contract, this court does not find such requirements to be contrary to or violative of relevant statutes. Nor does this court find it to impermissibly restrict the bidding to the detriment of the public or any of its members. Indeed, the court in V. J. Gautieri, Inc. v County of Ontario (Sup Ct, Ontario County, index No. 76380, Reuben K. Davis, J.), in approving a similar provision in the contract documents for a public work upon a pendente lite application, aptly stated: "Thus it cannot be argued that the foregoing specification favored any party unlawfully. Rather, had such a requirement not been included, the respondent County may well have acted in violation of their duty to find an experienced, qualified and responsible general contractor for this complex task.”
The V. J. Gautieri case (supra) involved the restoration of the Ontario County Courthouse, a public work. That court detailed, in its decision, 245 restoration projects in six New York State counties. Over 1,500 buildings had been restored by private owners for commercial purposes. In short, in view of the large body of potential qualified bidders for this complex and delicate restorative building and art work, the requirement for presentation of the bidder’s qualifications, including performance of at least two projects within the past five years on historic buildings is reasonable and a proper area of information to be factored in by respondents in its determination of the contract award to the lowest responsible bidder. The language of the Legislature in describing to whom the public work contract must be awarded as the "lowest responsible bidder” is not to be so narrowly construed as to be limited to a review of the fiscal responsibility of the bidder. Much of such potential problem is dissolved by the performance bonds required. Such general language clearly gives to the municipality a reasoned discretion with respect to the *444 factors it appropriately may consider in arriving at its judgment of the "lowest responsible bidder”.
It is uniformly held that in the promulgation of the terms for a bid contract the court may not substitute its judgment for that of the responsible officials charged by law to act, in the absence of fraud, corruption or bad faith particularly where it is shown that the particular provision specified is reasonably required in order to meet the performance requirements desired and is free from any design, intentionally or unintentionally, to restrict or eliminate competitive bidding on the public contract. The clear purpose of the relevant statutes, enacted in the public interest, is to assure that all persons or corporations having ability to furnish the supplies or materials needed, or to perform the work to be done, should be allowed to compete freely without any unreasonable restrictions. (3 McQuillin, Municipal Corporations § 1301 [2d ed]; Edenwald Contr. Co. v City of New York, 86 Misc 2d 711, 725.)
The penultimate test is whether the specification in the bid contract document is drawn to the improper advantage of any particular member or group of the relevant industry or occupation and not for any reason in the public interest but, rather, to insure the award of the contract to that particular member or group. (Gerzof v Sweeny, 16 NY2d 206.)
The precise provision challenged although advising bidders of the need to have successfully completed two projects in the past five years on which similar restorative work was successfully performed and completed, for the bid to be acceptable, expressly does not require the bidding contractor to have performed "all of the above types of construction on a single project.”
The court, therefore, finds such provision to be reasonable and appropriate and in the public interest for the letting of this important public restorative work.
The foregoing determines all of the issues presented to the court in this proceeding.
Finally, the court finds that there has not been demonstrated in this article 78 proceeding the existence of any triable issue of fact requiring a hearing. (CPLR 7804 [h]; Matter of Feigman v Klepak, 62 AD2d 816, 818.)
*445 In accordance with the findings and determinations of the court the petition herein must be and is dismissed. The temporary stay heretofore granted by the court, in its order to show cause, dated December 11, 1990, is now dissolved and vacated.