[600 NYS2d 953]

In the Matter of CONSTRUCTION CONTRACTORS ASSOCIATION OF HUDSON VALLEY, INC., et al., Appellants, v BOARD OF TRUSTEES, ORANGE COUNTY COMMUNITY COLLEGE et al., Respondents.

Second Department, July 26, 1993

APPEARANCES OF COUNSEL

*Bryant, O'Dell & Basso,* Syracuse *(Linda E. Alario* of counsel), for appellants.

*Steven R. Hunter, County Attorney* of Orange County, Goshen *(Michael P. Bazell* of counsel), for respondents.

**OPINION OF THE COURT**

COPERTINO, J.

On this appeal we must decide if certain preconditions established by the respondents may be lawfully imposed on bidders wishing to obtain contracts in connection with the renovation of a historically significant building located on the campus of Orange County Community College. Specifically, the issue is whether requiring bidders to demonstrate the successful completion of comparable work on at least two buildings listed in the National Register of Historic Places within five years of the bid violates General Municipal Law § 103. We hold that it does and accordingly reverse the judgment of the Supreme Court (149 Misc 2d 440).

The facts are not in dispute. Orange County Community College (hereinafter the College) is a publicly financed institution operating under the aegis of Orange County. Morrison Hall, located on the College's campus, is a building of historical significance and is listed on the National Register of Historic Places (hereinafter the Register). It contains, among other things, ornately carved woodwork, onyx and marble fireplaces, ornamental mosaic tile, and stained-glass windows designed and fabricated by Louis Tiffany. It also is in need of extensive renovation, the cost of which has been estimated at $3,300,000.

In its advertisement inviting bids, the College, as owner of the project, stated that a "[c]ontract award for General Work will be made only to a contractor who demonstrat[ed] previous

experience in historic restoration work as enumerated in the Qualification Forms within the Bid Documents". The forms referred to contain several requirements which the bidder had to meet in order to "demonstrate, to the satisfaction of the Owner, that his firm and the personnel to be employed in the execution of the work possess[ed] requisite experience in comparable work on other buildings listed on the National Register of Historic Places". Accordingly, the bidder had to list all historic preservation, restoration, and renovation work of similar size, scope, and nature it had performed within the past five years on buildings listed on the Register. Only those bidders that had successfully completed two such projects within the five-year period were acceptable. The petitioners, two not-for-profit organizations whose members include contractors, subcontractors, and suppliers with experience in public works projects, claim that these requirements are illegal in that they constitute a form of prequalification which violates General Municipal Law § 103. We agree.

As it stood in 1990 when this proceeding began, the statute provided that all contracts for public works involving expenditures of more than $7,000 (the monetary threshold is now $20,000 [General Municipal Law § 103 (1), as amended by L 1991, ch 413, § 54]) "shall be awarded * * * to the lowest responsible bidder * * * after advertisement for sealed bids" (General Municipal Law § 103 [1]). It is well-established that the requirement of competitive bidding embodied in this law evinces a strong public policy of encouraging honest competition to obtain the best work at the lowest possible price, and to guard against favoritism, improvidence, extravagance, fraud, and corruption (see, General Municipal Law § 100-a; *Associated Bldrs. & Contrs. v City of Rochester*, 67 NY2d 854, 855; *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 192-193). The intended beneficiaries of these statutes are the taxpayers, and therefore this Court must construe section 103 (1) with sole reference to the public interest (see, *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148; 10 McQuillin, Municipal Corporations § 29.29, at 375 [3d rev ed 1990]).

Slavish attention to financial considerations alone, is, of course, not required. Municipalities may fix reasonable standards and limitations on products and services, even if they tend to favor one bidder over another by their operation, provided that the public interest is served and not compromised thereby (see, *Gerzof v Sweeney*, 16 NY2d 206, 211;

*Matter of McNutt Co. v Eckert,* 257 NY 100). On the other hand, General Municipal Law § 103 is violated by bid requirements which reduce competition for reasons which do not inure to the benefit of the public, but rather serve other, unrelated purposes *(see, Associated Bldrs. & Contrs. v City of Rochester, supra; Matter of Warren Bros. Co. v Craner,* 30 AD2d 437, 440; 1981 Opns St Comp No. 81-272, at 291). In the present case, the College is seeking to impose certain standards of experience with work of the type contemplated. Certainly, successful completion of similar projects is a reasonable requirement *(see, Matter of Kaelber v Sahm,* 281 App Div 980, *affd* 305 NY 858; *Edenwald Contr. Co. v City of New York,* 86 Misc 2d 711, 722, *affd* 47 AD2d 610; *see generally,* 10 McQuillin, Municipal Corporations § 29.73.05 [3d rev ed 1990]). This is especially true where the renovation of a historic building is involved; consequently, we do not question the nexus between an experience standard and this particular restoration, which will undoubtedly enhance Morrison Hall's value to the citizens who ultimately pay for the work.

Nevertheless, in view of the overriding purposes of the law *(see, Associated Bldrs. & Contrs. v City of Rochester, supra; Jered Contr. Corp. v New York City Tr. Auth., supra),* and assuming that no serious blemishes are found with regard to past performance, the work history of a bidder may not serve to bar it from consideration altogether unless it fairly may be said that successful completion of the project will be jeopardized by that bidder's inexperience. A municipality must err on the side of inclusion, and eschew unnecessarily narrow definitions of the statutory term "responsible bidder" (General Municipal Law § 103 [1]). As we have noted, "competitive bidding statutes were not enacted for the benefit or enrichment of bidders, [but] '[l]ogic and experience teach that competition for public contracts may be promoted only by fostering a sense of confidence in potential bidders that their bids will be fairly considered' " *(Matter of Jerkens Truck & Equip. v City of Yonkers,* 174 AD2d 127, 132, quoting *Matter of Fischbach & Moore v New York City Tr. Auth.,* 79 AD2d 14, 20).

In view of the foregoing, we conclude that the restrictions in the case before us violate General Municipal Law § 103 because they erect a barrier which might very well eliminate a responsible bidder with sufficient experience and expertise to successfully complete the work on which it was bidding. For example, a well-established and highly regarded company which had completed work on four buildings listed on the

Register would be eliminated if only one such job had been done in the last five years. So, too, would a new company which never had worked on a Register building, but which had recently hired key personnel who had worked on several such buildings in the past five years. Indeed, a firm which has extensive experience in sensitive restoration work would be barred from consideration if none of its preceding jobs happened to have been on structures listed on the Register. With no evidence before us that buildings listed on the Register present restoration problems unlike those of other historical buildings which are not so listed, we cannot conclude that such a flat requirement passes muster under General Municipal Law § 103. As discussed previously, experience may be *considered,* including experience of a particular type, but unless it is of a sort which can fairly be reviewed as essential to the public's interest in seeing a particular project brought to a successful conclusion at the lowest possible cost, it may not serve to eliminate bidders *(see, Gerzof v Sweeney, supra,* at 211-212; *cf., Case Co. v Town Bd.,* 105 AD2d 1077). While we will accept the apparent good-faith basis underlying the experience specifications drawn by the College, good faith cannot validate a resulting contract which is made in violation of the law *(see,* 10 McQuillin, Municipal Corporations § 29.30 [3d rev ed 1990]). Accordingly, the petition must be granted.

We note that the requirement that the general contractor perform the "cutting and patching" for all the work to be performed, including that of other prime contractors, does not amount to an impermissible delegation of all coordinative and supervisory work to the general contractor *(see,* General Municipal Law § 101).

BRACKEN, J. P., BALLETTA and RITTER, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted to the extent that the respondents are prohibited from accepting bids or awarding a contract or contracts for the project identified as "Orange County Community College—Restoration of Morrison Hall" under the bid specifications in issue here.