*573 OPINION OF THE COURT
Harold J. Hughes, J.
The petitioners will be granted a judgment annulling Resolution No. 4445 adopted by the New York State Thruway Authority on May 17, 1994, and declaring that the Thruway Authority’s inclusion of the prehire Project Labor Agreement (PLA) into the bid specifications of this public improvement project violates the competitive bidding requirement of subdivision (1) of section 359 of the Public Authorities Law.
Petitioners are trade organizations representing contractors and suppliers that bid upon public works projects, and two individuals claiming to represent the interest of taxpayers and tradesmen that might gain employment if petitioners’ position prevails. The Thruway Authority is a public corporation created to construct, maintain and operate the Thruway system. The intervenors are unions representing memberships engaged in the construction trades. The Thruway Authority is about to begin a construction project to refurbish, redeck and construct improvements to the Tappan Zee Bridge. The project is estimated to cost $130,000,000, and is scheduled to begin in the fall of 1994 and end on December 31, 1998.
During December of 1993, the Thruway Authority hired Hill International, Inc. as its labor relations consultant with a direction to Hill to make recommendations as to the best means of concluding the project in an efficient, timely and safe manner at the lowest possible price. Hill determined that the best way to achieve these goals would be to negotiate a PLA covering the entire bridge project with four regional and international union councils and 18 local unions located in Westchester and Rockland Counties. The terms of the PLA were negotiated between Hill and the building trades from January through mid-May of 1994. On May 17, 1994, the Thruway Authority passed Resolution No. 4445 authorizing Hill to execute the PLA. The PLA was signed on June 15, 1994.
The Thruway Authority believed the PLA was legal because of the decision of the United States Supreme Court in Building Constr. Trades Council v Associated Bldrs. & Contrs. (507 US 218), which held that a public entity acting in its proprietary capacity could include prehire project labor agreement in the bid specifications for the construction of a public works without violating Federal law. The Thruway Authority asserts that its own history of construction work upon the bridge provides a rational basis for the PLA in that the few times that nonunion *574 contractors were awarded contracts to perform work upon the bridge, labor unrest ensued. As a consequence, the Thruway Authority has included the PLA as a part of the bid documents and as a contract condition requiring any bidder to adopt the PLA and abide by its terms.
The PLA provides: the signatory unions are the sole and exclusive bargaining representatives of all craft employees working on the project; all contractors must hire their employees through the local union halls, with minor exceptions; all employees must pay monthly union dues; and, all employees must join the unions. In return, the unions make concessions which in the view of the Thruway Authority will: avoid costly delays caused by strikes, slowdowns, walkouts, picketing and other disruptions arising from work disputes; standardize the terms and conditions governing the employment of labor on the projects; permit wide flexibility in work scheduling, shift hours and times; provide negotiated adjustments to work rules and staffing requirements from those which might otherwise apply; provide a comprehensive and standardized mechanism for the settlement of work disputes, including those relating to jurisdictional issues; insure a reliable source of skilled and experience labor; employ more minorities, women and economically disadvantaged persons; minimize potential loss of toll revenues; expedite the construction process; insure utilization of nonunion workers retained by successful open-shop contractors; and maximize project safety conditions for both workers and the motoring public. The Thruway Authority estimates that because of the PLA it will save approximately $6,032,233 of the labor costs of the entire project.
Petitioners commenced this CPLR article 78 proceeding contending that the result of the PLA will be to exclude nonunion contractors from the bidding process in violation of the requirement that the contract be awarded to the lowest responsible bidder. Petitioners argue that nonunion contractors are effectively precluded because they would be prohibited from using the majority of their own employees due to the terms of the PLA. The intervenor-respondents were allowed into the lawsuit to represent the interests of their members. The answer of the Thruway Authority raises the following affirmative defenses: petitioners lack standing; some of the claims are premature; all necessary parties have not been added; Federal law preempts the relief sought; and the petition fails to state a cause of action. The defenses are quickly dealt with. Petitioners have standing (Elia Bldg. Co. v New York *575 State Urban Dev. Corp., 54 AD2d 337). In view of the time frame for accepting the bids and awarding the contract, the primary claims advanced by the petitioners are not premature. In the court’s view, the Thruway Authority is the only necessary respondent as it is the public corporation charged with conduct detrimental to its statutory duties. As to preemption, the court agrees with the decision of the Supreme Court of New Jersey in Harms Constr. Co. v New Jersey Turnpike Auth. (137 NJ 8, 644 A2d 76 [1994]) that there is no Federal preemption. Finally, the petition states a cause of action.
Turning to the merits, subdivision (1) of section 359 of the Public Authorities Law provides in pertinent part that: "All such work shall be done pursuant to a contract or contracts which shall be let to the lowest responsible bidder, by sealed proposals publicly opened, after public advertisement and upon such terms and conditions as the authority shall require”.
Recently, in discussing section 359, the Second Department held that "its purpose is to protect the competitive bidding process”, and that the "primary concern to be protected by statutes which require competitive bidding in the letting of public contracts is to invite competition, and to prevent favoritism, fraud and corruption” (Matter of Corbett v New York State Thruway Auth., 204 AD2d 542, 543). In the Harms case the Supreme Court of New Jersey, in determining what the purpose was behind the public bidding requirement imposed upon its Turnpike Authority, quoted from one of its earlier decisions as follows: "Bidding statutes are for the benefit of the taxpayers and are construed as nearly as possible with sole reference to the public good. Their objects are to guard against favoritism, improvidence, extravagance and corruption; their aim is to secure for the public the benefits of unfettered competition”. (137 NJ, at 36, 644 A2d, at 91, supra.)
It appears that the purposes underlying the New Jersey statute as distilled by its Supreme Court, and the purposes underlying section 359 as distilled by the Second Department, are identical. That being so, this court adopts the reasoning of the Supreme Court of New Jersey in reaching its holding striking down a prehire PLA as in violation of the policies underlying the State’s public bidding laws. The Harms opinion (supra) is persuasive, and compelling. This court can add nothing to the legal discussion set forth in Harms and the opinion of Justice Koshian in Matter of Empire State Ch. of Associated Bldrs. & Contrs. v County of Niagara (161 Misc 2d 537 [Sup Ct, Niagara County [1994]). The policy of using PLAs contravenes two of *576 the purposes of section 359 in discouraging competition by deterring nonunion bidders, and fostering favoritism by dispensing advantages to unions and union contractors.
The court finds no merit in the argument advanced by the Thruway Authority that the language "upon such terms and conditions as the Authority shall require” somehow increases its discretion so as to authorize the requirement that a bidder subscribe to a PLA as a precondition to seeking the award of a contract.