In the Matter of B. MILLIGAN CONTRACTING, INC., Appellant, v STATE OF NEW YORK et al., Respondents. [674 NYS2d 204] —Judgment unanimously affirmed without costs. Memorandum: Petitioner, a general contractor, submitted the low bid for renovation and expansion of the Ambulatory Surgery Center at the State University of New York Health Center in Syracuse. After respondents rejected petitioner's bid, petitioner commenced this CPLR article 78 proceeding seeking annulment of the determination and the award of the contract. Supreme Court properly denied the relief, dismissed the petition and vacated a temporary restraining order enjoining the award of the contract to another contractor. There is no merit to petitioner's contention that rejection of the bid was arbitrary or capricious or otherwise contrary to law. "[T]here is no vested right in the award of a public works contract [and] a municipality retains the discretion to reject one or more bids where good reason to do so exists" (Matter of Mid-State Indus. v City of Cohoes, 221 AD2d 705, 706). Respondents properly rejected petitioner's bid because petitioner failed to comply with the requirement that it demonstrate sufficient working capital for the project (see, Matter of P & C Giampilis Constr. Corp. v Diamond, 210 AD2d 64, 66; Ajay Glass & Mirror Co. v County of Erie, 155 AD2d 988, 989). Contrary to the contention of petitioner, it was not denied due process. Petitioner received notice of a meeting to discuss the deficiencies in its bid and, at

that meeting, was told of the deficiencies and given seven days to correct them (*cf., Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer*, 80 NY2d 232, 236-237). Petitioner's subsequent submission of an accountant's letter stating in conclusory fashion that petitioner has sufficient working capital was insufficient to correct the deficiencies in the bid. (Appeal from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.