■ In the Matter of ELDOR CONTRACTING CORPORATION, Appellant, v TOWN OF ISLIP et al., Respondents. [716 NYS2d 681] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent Town of Islip dated

September 21, 1999, awarding the respondent Welsbach Electric Corp. of L.I. a contract for public work, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated January 21, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, an electrical contractor, was the apparent lowest bidder for a contract for the maintenance of the municipal lighting system of the Town of Islip (hereinafter the Town). When the petitioner failed to furnish information with respect to the type and duration of its relevant experience, as requested by the bidding documents, the Town directly solicited additional information from the petitioner. The petitioner's subsequent submissions lacked specificity regarding its experience maintaining a lighting system as large as that of the Town's. The Town determined that the petitioner was not a responsible bidder, and ultimately awarded the contract to the respondent Welsbach Electric Corp. of L.I. The petitioner commenced this proceeding pursuant to CPLR article 78, *inter alia*, to annul the determination. The Supreme Court denied the petition.

The Supreme Court properly determined that this proceeding is jurisdictionally defective because the petitioner failed to effect personal service on the respondent Town pursuant to CPLR 311 (a) (5), by serving either the Town supervisor or Clerk (*see, Matter of Beck v Goodday*, 24 AD2d 1016). While the order to show cause commencing this proceeding directed that service be made upon the Town's Commissioner of the Department of Public Works, CPLR 311 (a) (5) does not provide for such service. As this Court explained in *Matter of Franz v Board of Educ.* (112 AD2d 934, 935): "The courts of this State have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, we are without authority to substitute another."

In any event, the Supreme Court properly concluded that the Town's rejection of the petitioner's bid was not arbitrary or capricious or contrary to law. In determining the lowest responsible bidder (*see,* General Municipal Law § 103 [1]), the municipal agency may consider skill, judgment, and integrity, and may investigate the experience and background of the bidder (*see, Matter of P & C Giampilis Constr. Corp. v Diamond,* 210 AD2d 64; *Matter of Construction Contrs. Assn. v Board of Trustees,* 192 AD2d 265). In this case, the Town's experiential

requirements were not unduly onerous (*see, Matter of Construction Contrs. Assn. v Board of Trustees, supra*). Neither was the petitioner denied "an opportunity to be heard" (*Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer,* 80 NY2d 232, 236), having been afforded two chances to furnish the detailed information called for in the bidding documents. It supplied the information only in its reply papers submitted in response to the respondents' opposition to the petition (*see, Matter of Milligan Contr. v State of New York,* 251 AD2d 1084). Accordingly, the proceeding was properly dismissed. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.