■ In the Matter of COUNCIL OF THE CITY OF NEW YORK, Respondent, v MICHAEL R. BLOOMBERG, as Mayor of the City of New York, et al., Appellants. [791 NYS2d 107]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered December 1, 2004, granting petitioner's application and directing the Mayor to immediately implement and enforce Local Law No. 27 (2004) of the City of New York, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

The IAS court erred both in granting the petition "under the presumption of validity" and in ignoring the issue of the statute's validity raised by respondents. Local Law 27 of 2004 (enacting Equal Benefits Law [Administrative Code of City of NY] § 6-126) is a restriction against the City doing business with certain vendors (with $100,000 or more in city contracts over the preceding 12 months) that discriminate between employees with spouses and those with domestic partners in providing employment benefits. Despite the respective constitutional duties of the legislative and executive branches (*Bourquin v Cuomo*, 85 NY2d 781, 784 [1995]; *Matter of New York State Health Facilities Assn. v Axelrod*, 77 NY2d 340, 349 [1991]) and the fact that "[a]n article 78 proceeding is not the remedy for adjudicating the validity of legislative enactments" (*Giuliani v Council of City of N.Y.*, 181 Misc 2d 830, 834 [1999]), respondents' validity arguments should have been addressed here. As a practical matter, not doing so defeats a principal purpose of bringing the writ of mandamus, i.e., obtaining a prompt, due resolution of the controversy, and, in theory, would require the executive branch to enforce even the most patently unlawful legislation until a court order of nullification were obtained.

Furthermore, had the court considered the state and federal preemption issues, it would, of necessity, have invalidated the statute. Local Law 27 impermissibly runs afoul of the policy underlying General Municipal Law § 103 (1), the competitive bidding provision applicable to municipalities, and its sister provisions (§§ 100-a, 104-b [1]), by its prohibition of "what would be permissible under State law or impos[ition of] 'prerequisite "additional restrictions" ' on rights under State law, so as to inhibit the operation of the State's general laws" (*Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99, 108 [1983] [citations omitted]). Specifically, these General Municipal Law provisions seek to protect the public fisc by obtaining the best work at the lowest possible price, and to prevent favoritism, im-

providence, fraud and corruption in the awarding of public contracts (*Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 68 [1996]; *see also Associated Bldrs. & Contrs. v City of Rochester*, 67 NY2d 854 [1986]), whereas Local Law 27 expressly excludes a class of potential bidders for a reason unrelated to the quality or price of the goods or services they offer. As we have previously noted, "the City Council cannot achieve even laudable goals by making illegal what is specifically allowed by state law" (*New York City Health & Hosps. Corp. v Council of City of N.Y.*, 303 AD2d 69, 78 [2003]; *see also Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 376-377 [1989]; Municipal Home Rule Law § 10 [1] [i], [ii]).

Local Law 27 also intrudes upon the ambit of the federal Employee Retirement Income Security Act (ERISA) (29 USC § 1001 *et seq.*) which provides for uniform national employee benefit plan administration. ERISA's broad preemption provision "directs that its coverage 'shall super[s]ede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' " (*Catholic Charities of Me., Inc. v City of Portland*, 304 F Supp 2d 77, 84 [D Me 2004], quoting 29 USC § 1144 [a]), and applies to municipalities as well (§ 1144 [c] [2]). Since Local Law 27 "mandate[s] employee benefit structures or their administration" (*New York State Conference of Blue Cross & Blue Shield Plans v Travelers Ins. Co.*, 514 US 645, 658 [1995]), even if only conditionally, i.e., only if the vendor chooses to contract with the City, it is connected with a core concern of ERISA, impermissibly interferes with its goal of uniform plan administration, and is thus preempted (*id.*; *Egelhoff v Egelhoff*, 532 US 141, 147-149 [2001]; *Catholic Charities*, 304 F Supp 2d at 92; *Air Transp. Assn. of Am. v City & County of San Francisco*, 992 F Supp 1149, 1176 [1998]). Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.