*986 In an action, inter alia, for a judgment declaring that the specifications of Invitation to Bid for Transit Operations and Maintenance RFB-RC-2012-02 violate General Municipal Law § 103 and the Rockland County Charter, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated March 30, 2012, as declared that the specifications of Invitation to Bid for Transit Operations and Maintenance RFB-RC-2012-02 violate General Municipal Law § 103 and the Rockland County Charter, enjoined the County from proceeding with the bidding process, and directed the County of Rockland to issue a revised request for bids.
Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and it is declared that the specifications of Invitation to Bid for Transit Operations and Maintenance RFB-RC-2012-02 do not violate General Municipal Law § 103 and the Rockland County Charter.
The County of Rockland (hereinafter the county) sought bids for public bus transportation via Invitation to Bid for Transit Operations and Maintenance RFB-RC-2012-02 (hereinafter the RFB). After reviewing the RFB, Brega Transport Corp. (hereinafter Brega) determined that it could not meet the bid specifications and protested them as improperly exclusionary and discriminatory. The county executive denied the bulk of Brega’s protests, and Brega sought review via a CPLR article 78 proceeding. The Supreme Court converted the proceeding to a declaratory judgment action, as requested by Brega, and entered judgment, inter alia, declaring that the RFB violated General Municipal Law § 103 and the Rockland County Charter.
General Municipal Law § 103 (1) provides, inter alia, that, in awarding any contract in excess of $35,000, public entities must award the contract to “the lowest responsible bidder.” “The central purposes of New York’s competitive bidding statutes are the ‘(1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts’ ” (Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 142 [2011], quoting Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 68 [1996]; see Matter of L&M Bus Corp. v New York City Dept. of Educ., 17 NY3d 149, 156 [2011]; Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 148 [1985]; Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees, Orange County Community Coll., 192 AD2d 265, 267 [1993]).
*987 “New York’s competitive bidding statutes do not compel unfettered competition, but do demand that specifications that exclude a class of would-be bidders be both rational and essential to the public interest” (Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d at 67-68). As this Court has stated: “Municipalities may fix reasonable standards and limitations on products and services, even if they tend to favor one bidder over another by their operation, provided that the public interest is served and not compromised thereby. On the other hand, General Municipal Law § 103 is violated by bid requirements which reduce competition for reasons which do not inure to the benefit of the public, but rather serve other, unrelated purposes” (Matter of Construction Contrs. Assn, of Hudson Val. v Board of Trustees, Orange County Community Coll., 192 AD2d at 267-268 [citations omitted]; see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d at 67; Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y., 61 AD3d 1248, 1250 [2009]). Accordingly, “[a] municipality must err on the side of inclusion, and eschew unnecessarily narrow definitions of the statutory term ‘responsible bidder’ ” (Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees, Orange County Community Coll., 192 AD2d at 268, quoting General Municipal Law § 103). Nevertheless, it is a municipality’s right to determine whether a bid meets its specifications, and that determination is entitled to deference if it is supported by “any rational basis” (Matter of Hungerford & Terry, Inc. v Suffolk County Water Auth., 12 AD3d 675, 676 [2004]).
Where bid specifications are “not facially anticompetitive,” courts apply “ordinary rational basis review” (Matter of L&M Bus Corp. v New York City Dept. of Educ., 17 NY3d at 160). A “spectral ‘appearance of impropriety’ is insufficient proof to disturb a [municipality’s] determination under the competitive bidding statutes” (Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d 51, 55 [1997], quoting Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d at 150). Instead, a party challenging a procurement “has the burden to demonstrate ‘actual’ impropriety, unfair dealing or some other violation of statutory requirements” (Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d at 55, quoting Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d at 149).
Here, the Supreme Court improperly shifted the burden of *988 proof from Brega to the county. Since Brega made only conclusory assertions and failed to demonstrate that the county’s bid specifications were irrational or exclusionary, the court erred in invalidating the RFB on that basis (see Matter of Eldor Contr. Corp. v Town of Islip, 277 AD2d 233, 234-235 [2000]; see also Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y., 61 AD3d at 1250-1251; Matter of Positive Transp. v City of N.Y. Dept. of Transp., 183 AD2d 660, 660-661 [1992]).
The Supreme Court also found that the bid specifications improperly usurped the role of the Rockland County Legislature because they provide that: “Where the award of a contract involves a bid in excess of $100,000, the Charter requires approval of the County Legislature before the County may enter into the contract. Consequently, once there is an evaluation of the bids and a determination of the lowest bid from a responsible bidder by the Director of Purchasing, the bid which forms the basis of a contract in excess of $100,000 shall be referred to the County Executive and the County Legislature for approval in accordance with the Charter and Administrative Code. If the low bid is determined to be non-responsive or the lowest bidder is determined to be non-responsible, the resolution by the County Legislature to approve the contract with the lowest responsible bidder will include the rejection of any such bid.” The court read this language as expanding the role of the county executive and the county purchasing director beyond the authority entrusted to them in the county laws and charter and reducing the county legislature’s role to that of a “rubber stamp.” We disagree.
The Rockland County Charter provides that the county legislature has the power to approve all contracts in excess of $100,000 (see Rockland County Charter Law § C2.01 [1]). However, it also provides that among the county executive’s duties are to “[b]e the chief budget officer of the county” and, “with the approval of the County Legislature,” to execute “all contracts in excess of $100,000” (Rockland County Charter Law § C3.02 [b], [u]). Similarly, the Laws of Rockland County provide that “the Director of Purchasingt ] shall serve as the principal public purchasing official for the County, and shall be responsible for the procurement of. . . services” (Laws of Rockland County § 140-2.1 [A]). In addition, the Laws of Rockland County entrust to the director of purchasing both the authority to settle bid protests (see Laws of Rockland County § 140-7.4), and to make determinations of responsibility and where a bidder is found nonresponsible, to issue a written determination to that effect (see Laws of Rockland County § 140-3.11 [A]). Construed *989 together (see Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62, 68-69 [2005]), these provisions allocate a substantial role in procurement to the county executive and the director of purchasing and indicate that the legislature’s role is one of final review. In view of the charter and laws’ entrustment of primary procurement duties to the purchasing director and the county executive, and the RFB’s explicit acknowledgment of the legislature’s role in approving contracts in excess of $100,000, we defer to the county’s interpretation of its RFB (see Matter of Fogelman v New York State Dept. of Envtl. Conservation, 74 AD3d 809, 810 [2010]). The RFB does not usurp the county legislature’s role in violation of the Rockland County Charter (see Rockland County Charter Law § C2.01 [1]).
In light of the foregoing, we need not reach the county’s remaining contention. Brega’s remaining contentions are without merit.
Accordingly, the County is entitled to a judgment declaring that the specifications of the RFB do not violate General Municipal Law § 103 and the Rockland County Charter (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
Angiolillo, J.E, Dickerson, Chambers and Lott, JJ., concur.