Matter of Genting N.Y., LLC v New York City Envtl. Control Bd. (2018 NY Slip Op 01056)





Matter of Genting N.Y., LLC v New York City Envtl. Control Bd.


2018 NY Slip Op 01056


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-06054
 (Index No. 10660/15)

[*1]In the Matter of Genting New York, LLC, appellant,
v
New York City Environmental Control Board, et al., respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Adam J. Heckler of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Jonathan A. Popolow of counsel), for respondents.



DECISION & ORDER
Appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated April 21, 2016. The order and judgment granted the respondents' cross motion pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Environmental Control Board dated April 30, 2015, by filing a proposed order to show cause and petition on August 31, 2015, which was the day the statute of limitations expired. By order dated September 11, 2015, the Supreme Court denied the petitioner's application for an order to show cause finding, inter alia, that the petitioner's papers were defective. The petitioner filed another order to show cause and an amended petition, which the court signed on September 30, 2015. Thereafter, the petitioner served the respondents with the order to show cause and amended petition.
By notice of motion dated November 5, 2015, the respondents cross-moved pursuant to CPLR 3211(a)(8) to dismiss the amended petition on the ground of lack of personal jurisdiction based upon the petitioner's failure to timely serve the respondents in accordance with CPLR 306-b, which requires, as relevant here, that where the applicable statute of limitations is four months or less, service of the petition with a notice of petition or order to show cause shall be made not later than 15 days after the date on which the applicable statute of limitations expires. The 15-day period in this case expired on September 15, 2015, prior to the date the Supreme Court signed the second order to show cause. The petitioner opposed the cross motion and argued that it complied with CPLR 403(d), which provides that in a special proceeding "the court may grant an order to show cause to be served, in lieu of a notice of petition at a time and in a manner specified therein." The court granted the cross motion on the ground that the petitioner failed to comply with CPLR 306-b, and dismissed the amended petition for lack of personal jurisdiction. The petitioner appeals, and we [*2]affirm.
Contrary to the petitioner's contention, the fact that CPLR 403(d) permits a court to grant an order to show cause to be served "in lieu of a notice of petition at a time and in a manner specified therein" does not abrogate the jurisdictional time limit established by CPLR 306-b, and the Supreme Court properly granted the respondents' cross motion pursuant to CPLR 3211(a)(8) to dismiss the amended petition for lack of personal jurisdiction based upon the petitioner's failure to comply with CPLR 306-b (see CPLR 306-b; CPLR 403[d]; Waggaman v Vernon, 123 AD3d 1110, 1111; Matter of Parrino v New York City Bd. of Stds. & Appeals, 90 AD3d 931; Matter of Eldor Contr. Corp. v Town of Islip, 277 AD2d 233, 234).
To the extent the petitioner now contends that the Supreme Court erroneously denied its informal request for an extension of time to effectuate service of the amended petition pursuant to CPLR 306-b, the issue is not properly before this Court because the petitioner failed to cross-move for such relief before the Supreme Court (see CPLR 2215; DiLacio v New York City Dist. Council of United Bhd. of Carpenters & Joiners of Am., 80 AD3d 553, 554; 99 Cents Concepts, Inc. v Queens Broadway, LLC, 70 AD3d 656, 659).
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court