George L. Cobb, J.
In this article 78 proceeding, brought on by an order to show cause, the petitioner seeks a judgment directing the respondent Comptroller of the State of New York to pay over to the petitioner the sum of $55,459.42 and to return to the petitioner bonds of the par value of $314,000 now on deposit with the respondent, with appropriate interest thereon. On the return date of the order to show cause, Ingalls Iron Works Company was permitted to intervene, on the consent of the petitioner and the respondent.
The essential facts giving rise to this proceeding, which do not appear to be in dispute, are as follows: The petitioner per *496 formed certain construction work upon the Gowanus Expressway, pursuant to a contract with the State of New York. On June 24, 1965 the State of New York tendered final payment to the petitioner for work performed under the contract. However, according to the petition: “ Because of an outstanding claim against the State of New York, the final payment check was returned by Petitioner and claim made and duly filed with the Court of Claims of the State of New York for the said final payment and for the return of certain bonds being held by the Respondent Comptroller of the State of New York as retainage pursuant to the contract ”. On January 30, 1968, following a motion to sever a portion of the petitioner’s claim against the State of New York, a judgment was rendered in the Court of Claims directing the State of New York to pay to the petitioner the said sum of $55,459.42 and to return to the petitioner bonds of the par value of $314,000 held by the Comptroller as retainage under the contract. Prior to the entry of the Court of Claims judgment, liens were filed against the contract in question by Ingalls Iron Works Company, the intervenor herein, as a supplier of material to the petitioner. The State of New York withheld the payment called for by the judgment pending a determination of the validity of the liens. By an order of Special Term, entered June 17, 1966, the liens of Ingalls Iron Works Company were discharged and vacated and the complaints thereon were dismissed because they were not timely filed. This order was affirmed by the Appellate Division, Third Department (Ingalls Iron Works Co. v. Fehlhaber Corp., 29 A D 2d 29), and in the Court of Appeals on April 16, 1969 (24 N Y 2d 862).
Now that the time to appeal from the decision of the Court of Appeals has expired, the petitioner contends that it is entitled to the payment of the funds in question. In opposition, the intervenor argues that such funds are trust funds in the hands of the Comptroller and should not be returned to the petitioner until an action brought by the intervenor against the petitioner in the United States District Court, Southern District of New York, has been decided. The Federal action is one in which the intervenor seeks to recover for material furnished to the petitioner in connection with the Gowanus Expressway contract. The action is based (1) on an express- trust between Fehlhaber Corporation -and Terry Contracting, Inc. in connection with the establishment of the joint venture, (2) on a statutory trust created by article 3-A of the Lien Law, and (3) on an assignment by Terry Contracting, Inc., of the sum of $350,000 1 ‘ which shall become due and owing to Terry Contracting, Inc; from and out of the sum of $550,000 now held by' the State of New York as a *497 retained percentage under construction contract known and designated as Contract FIGE 60-2 ’
It is the position of the respondent that the funds in question are not trust funds in the hands of the State. However, the argument is made that there is a genuine dispute between the petitioner and the intervenor as to whether payment should now be made to the petitioner and, under such circumstances, a determination of the rights of the parties should be made by the court before payment is made in accordance with the Court of Claims judgment.
It appears from a fair reading of sections 2 and 70 of the Lien Law that the funds herein described are not trust funds in the hands of the respondent. Section 70, entitled “Definition of trusts ”, reads, in part, as follows: “ 1. The funds described in this section received by an owner for or in connection with an improvement of real property in this state, or received by a contractor under or in connection with a contract for an improvement of real property or a contract for a public improvement in this state, or received by a subcontractor under or in connection with a subcontract made with the contractor for such improvement of real property or public improvement or made with any subcontractor under any such contract, and any right of action for any such funds due or earned or to become due or earned, shall constitute assets of a trust for the purposes provided in section seventy-one of this chapter.” (Emphasis supplied.)
Subdivision 8 of section 2 in defining 1 ‘ Improvement of real property ” states: “ The term 1 improvement of real property,’ when used in this chapter, means any improvement of real property not belonging to the state or a public corporation ”. (Emphasis supplied.)
The mandate of the Court of Claims judgment directing payment to the petitioner is not affected by intervenor’s pending action and must be complied with.
The intervenor’s demand for a jury trial is denied, as there are no factual questions for determination in this proceeding.
The Court of Claims judgment, by the first decretal paragraph thereof, having reserved the question of interest on the payment to the petitioner until final determination of the remainder of the petitioner’s claim, and there being justification for the withholding of payment during the pendency of intervenor’s lien actions (Lien Law, § 5), and the instant proceeding, the payment herein shall be without interest.
Accordingly, judgment is granted in favor of the petitioner, directing respondent to pay over to petitioner the sum of *498 $55,459.42 and to return to petitioner bonds of the par value of $314,000 now on deposit with the Comptroller of the State of New York.