OPINION OF THE COURT
Anthony V. Cardona, J.
In this CPLR article 78 proceeding, petitioner Palmer Construction, Inc. (Palmer) challenges three separate notices by the respondent Thomas Hines, as Acting Commissioner of the New York State Department of Labor (Commissioner), which directed respondent Village of Champlain (Village),[1] to withhold moneys due to Palmer on two public improvement contracts pursuant to Labor Law § 220-b. These withholding notices were based on the Commissioner’s calculations of unpaid wages and supplements (together with interest and civil penalties) allegedly due 11 employees of Palmer employed on a contract entitled "Village of Champlain Water System Improvements, Contract I” (Contract I). The total sum withheld including interest and penalties amounts to $52,734.93.
Palmer seeks to annul the Commissioner’s withholding notices and to secure the immediate release of the withheld funds.
The Commissioner had not issued a final determination on this matter at the time of the submission of this proceeding to the court, although a hearing had been noticed to commence on January 7, 1992.
Petitioner’s first argument for annulling the withholding notices is premised on its view that the six-month period for concluding a compliance investigation under Labor Law § 220 (7) is also applicable to an investigation under section 220-b where withholdings have been directed, pending a final determination. While these two sections do contain parallel procedures concerning complaints, investigations, hearings, deter *250 minations and judicial review, there is nothing in section 220-b which expressly requires the fiscal officer (here the Commissioner) to make a final order or determination on an investigation within six months after the filing of a complaint. Labor Law § 220-b (2) (c) only requires that: "Such investigation and hearing shall be expeditiously conducted”. Upon review of the papers submitted it appears to the court that the Commissioner has conducted its investigation and noticed the hearing in an expeditious manner. In any event, a contrary finding would not mandate annulment of the withholding notices and release of the moneys. The appropriate relief for a failure on the part of a fiscal officer to proceed expeditiously is the directing of a section 220 hearing. (Matter of Nalews, Inc, v New York State Envtl. Facilities Corp., 79 AD2d 829, 831.) Since a hearing has been scheduled in this case, that relief has been rendered moot.
Two of the five withholding notices issued by the Commissioner to the Village directed the Village to withhold moneys otherwise due petitioner on two other contracts (II[2] and III), neither of which were under investigation for alleged violations of the prevailing wage requirements. This so-called "cross-withholding” is explicitly permitted under section 220-b (2) (a): "[upon a complaint, or if] unpaid wages or supplements appear to be due, the fiscal officer shall immediately so notify the financial officer of the civil division interested, or, if there are insufficient moneys still due to the contractor or subcontractor on that contract to satisfy said wages and supplements, including interest and penalty, the financial officer of another civil division which has entered or subsequently enters into a public improvement contract with the contractor or subcontractor, who shall withhold from any payment due the contractor or subcontractor executing any public improvements, sufficient moneys to satisfy said wages and supplements, including interest at the rate provided herein, and any civil penalty that may be assessed as provided herein, pending a final determination” (emphasis supplied).
By directing the cross-withholding of funds due on contracts against which there are no claimed violations, petitioner maintains that the Commissioner is causing the Village to violate the trust fund provisions of article 3-A of the Lien *251 Law. Article 3-A (Lien Law § 70) does make the Village as owner and petitioner as contractor, statutory trustees of the funds received from a public improvement to ensure payment of specified expenditures (Lien Law § 71). A notice of withholding or cross-withholding pursuant to Labor Law § 220-b (2) does not constitute a diversion or seizure of funds, rather it operates to keep funds in the hands of the financial officer (here the Village) so that they will be available for disbursement to laborers if it is ultimately determined that unpaid wages or supplements are due them for labor performed on a public improvement. Thus, a withholding or cross-withholding under Labor Law § 220-b (2) is consistent with the trusts created under article 3-A of the Lien Law, since payment of wages and supplements due laborers on a public improvement are two of the purposes of those trusts. Furthermore, the court finds that the funds which are the subject of a withholding (or cross-withholding) under the statutory trust of Labor Law § 220-b (2) cannot be considered assets of the contractor’s trust under Lien Law article 3-A until all underpayments, interest and penalties under section 220-b (2) are paid and the remaining funds are actually paid to the contractor. Until the contractor actually receives funds "there is neither a trust res or a trust.” (Tri-City Elec. Co. v People, 96 AD2d 146, 153.) Therefore, the Commissioner did not violate the Lien Law, when he directed the cross-withholdings under Labor Law § 220-b (2). Respondents are awarded judgment dismissing the petition. No costs are awarded.

. Taking the position that it has no objection to the relief sought in the instant petition, the Village of Champlain, New York, has not appeared in this proceeding.

. In a notice of withholding dated January 8, 1991, the Commissioner directed the retention of $10,000 of moneys due under Contract II. These moneys were released by a subsequent notice to release issued by the Commissioner.