■ In the Matter of POSITIVE TRANSPORTATION, INC., Respondent, v CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Appellants. In the Matter of LASALLE BUS SERVICE, INC., Respondent, v CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Appellants. In the Matter of PENNY TRANSPORTATION, INC., Respondent, v CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Appellants.—Judgments, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered April 23, 1991, which respectively granted the petition in each of these three CPLR article 78 proceedings to the extent of enjoining respondents from including the proposed paragraph 5 of the Certification and Acknowledgement in petitioners' contracts for the transportation of handicapped preschool children effective January 1, 1991, unanimously reversed, on the law, the petitions denied and the proceedings dismissed, without costs.

Although it recognized that the safety of children, especially handicapped children, while being transported to and from school, is a matter of legitimate public concern, the IAS court erroneously found that it was unreasonable for respondents to include in the proposed school transportation contracts for the year beginning January 1, 1991 a requirement that each

contractor certify that none of their employees had been convicted of a misdemeanor or felony relating to pupil transportation service within two years prior to such certification. This certification was added by respondents after more than 25 people representing some 36 school bus companies were indicted on charges of attempting to bribe an undercover police officer posing as a State bus inspector to overlook safety and other infractions. It is undisputed that each petitioner has an employee, who was responsible for the safe condition of the buses used to transport handicapped preschool children and was convicted of giving an unlawful gratuity to a person whom they believed to be a State bus inspector.

The courts have long recognized the wide authority vested in municipal agencies to make contract proposals that are required by the public interest. In determining the lowest responsible bidder, "the municipal agency charged with the function is rightfully concerned with the bidder's responsibility—an elastic word which includes considerations of skill, judgment and integrity." (*Abco Bus Co. v Macchiarola*, 75 AD2d 831, 833 [Hopkins, J. P., dissenting], *revd for reasons stated in dissent* 52 NY2d 938, *cert denied* 454 US 822.) Although the contracts in question were to be issued without competitive bidding because of a continuing emergency declared with respect to the transportation of handicapped preschool children, their award is entrusted to the sound discretion of respondents. Unquestionably, in determining petitioners' responsibility, respondents would be entitled to take into account the criminal record of their principals (*supra*). The same rationale applies where, as here, it is clear the crimes were committed in the course of the employees' duties and that the petitioners, which are small closely held corporations, ratified the illegal actions of their employees, who in two instances were close relatives of their principals, by either paying their legal fees and health benefits, retaining them as employees, or reemploying them in another company controlled by the same principal.

In addition, contrary to the IAS court's finding, the designation of a two year time period of disqualification for transportation companies which employed persons convicted of pupil transportation related crimes is in and of itself not unreasonable. Longer time periods are statutorily mandated in other areas of State law. (*See, e.g.,* New York City Charter § 335 [five year suspension runs from date of determination]; Labor Law § 235 [7] [five year suspension from date of order].) Here, a two year suspension from the date of conviction is logical, reason-

able and in accordance with the criminal law presumption of innocence until proven guilty. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.