■ In the Matter of P & C GIAMPILIS CONSTRUCTION CORP., Respondent, v WILLIAM J. DIAMOND, as Commissioner of General Services of the City of New York, et al., Appellants, and EXCEL GROUP, INC., Respondent. In the Matter of P & C GIAMPILIS CONSTRUCTION CORP., Respondent, v WILLIAM J. DIAMOND, as Commissioner of General Services of the City of New York, et al., Appellants, and ATTRI ENTERPRISES, INC., Respondent. [619 NYS2d 271] —Judgments of the Supreme Court, New York County (Edward H. Lehner, J.), entered on July 27, 1994, which held after a hearing, *inter alia,* that it was arbitrary and capricious for the municipal respondents to reject the bid by petitioner P & C Giampilis Construction Corp. seeking to perform roof replacement work at the City Center Theater in Manhattan and the Spofford Juvenile Center in the Bronx and which enjoined the municipal respondents from entering into contracts with anyone other than the petitioner with respect to the subject contracts, unanimously reversed, on the law, the respective applications by petitioner denied and the petitions dismissed, without costs or disbursements.

The petitioner was the low bidder on contracts for roofing work solicited by the City on January 10, 1994 and February 9, 1994, respectively, for roof renovation work at the City Center Theater and Spofford Juvenile Center. The municipal respondents, by two letters, dated May 18, 1994, nevertheless rejected both of the petitioner's bids and informed petitioner that it was ineligible to be awarded the contracts by reason of its failure to satisfy the experience requirements for bidders set forth in the bid documents.

Specifically, the request for bids for both contracts set forth experience requirements for bidders mandating that the bidders must, within the "last five (5) five consecutive years prior to the bid opening", have successfully completed in a "timely fashion at least two (2) roofing projects similar in scope and type to the work required" under the contracts bid upon, which projects must have been "completed and in service for a minimum of two (2) full [years]" prior to the bid opening.

After a hearing, the IAS Court agreed with the petitioner

that it was arbitrary and capricious of the municipal respondents not to consider the experience of Messrs. Peter and Chris Giampilis in a companion corporation in satisfying the experience requirements (according to petitioner, the companion corporation had been in business since 1969 and had successfully completed at least 30 roofing projects). The court found that "the facts show that the Giampilis brothers, their foremen and workers have the requisite experience by reason of their work" for the companion corporation. In so finding, we conclude that the IAS Court committed reversible error.

It is well settled that judicial review of an administrative agency's determination is limited to whether the decision rendered had a rational basis on the record as a whole (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). A reviewing court may not reevaluate the weight accorded the evidence adduced, or interfere with such quasi-judicial determinations of the administrative agency on the basis of conflicting or contradictory evidence, since the duty of weighing the evidence, interpreting relevant statutes and making the determination rests solely in the expertise of the agency (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444).

The courts have long recognized the wide authority vested in municipal agencies to make contract proposals that are required by the public interest. In determining the lowest responsible bidder, "the municipal agency charged with the function is rightfully concerned with the bidder's responsibility—an elastic word which includes considerations of skill, judgment and integrity" (*Abco Bus Co. v Macchiarola*, 75 AD2d 831, 833 [Hopkins, J., dissenting], *revd for reasons stated in dissent* 52 NY2d 938, *cert denied* 454 US 822; *Matter of Positive Transp. v City of N. Y. Dept. of Transp.*, 183 AD2d 660, 661; *see also*, General Municipal Law § 103, which mandates that a municipal contract subject to the requirements of public bidding must be awarded to the lowest *responsible* bidder, not merely the lowest bidder).

In the cases at bar, contrary to the IAS Court's finding, the municipal respondents had a rational basis for rejecting the petitioner's bids. The bids were non-responsive to the specific requirements set forth in the bid documents (mandating that bidders must, within the prior five years, have successfully completed in timely fashion at least two roofing projects similar in scope and type to the work required under the contracts bid upon, which projects must have been completed and been in service for a minimum of two full years prior to

the bid opening and requiring specific prior experience by the corporate petitioner itself, the bidder corporation).

Courts have repeatedly upheld the rejection by municipal agencies of competitive bids, without any further investigation other than a review of the bid documents, based upon non-responsiveness, where, as here, the bids failed to "comply with the literal requirements of the bid specifications" *(Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 31, *affd* 46 NY2d 960; *Smith of Long Is. v City of Long Beach,* 158 AD2d 454, 455 [wherein the Court upheld the City's rejection of a bid for failure to include "a detailed declaration of the bidder's qualifications", including the firm's experience]; *but, cf., obiter dictum* in *Matter of Construction Contrs. Assn. v Board of Trustees, Orange County Community Coll.,* 192 AD2d 265, 268-269).

Nor has any legal or statutory authority beyond that dictum been offered for the proposition that the municipal respondents should be required to pierce the corporate veil, as a matter of course, when reviewing bids for responsiveness to determine whether the experience of shareholders, officers and key employees of a *companion* corporation satisfies the experience requirements of the bidder corporation as set forth in the bidding documents. Under most ordinary circumstances, as in the proceedings herein, the independent existence of a corporation cannot be ignored.

The record reveals that the municipal respondents had a rational basis for finding that the corporate petitioner, by itself, did not meet the experience requirements. By its own admission, petitioner, which was first incorporated in 1992, had not performed any roofing work prior to 1994, and therefore could not have successfully completed, and had in service for a minimum of two full years prior to the bid opening, at least two roofing projects similar in scope and type to the work required under the contracts bid upon.

Similarly, there was a rational basis for the municipal respondents to decline to attribute either the roofing experience of the Giampilis brothers or their companion corporation to the petitioner. The bid documents, as noted above, specifically contemplated and explicitly warned bidders that their requirements had to be met by the bidder itself. It was, therefore, within the discretion of the municipal respondents to insist upon strict compliance with the bid specifications *(Le Cesse Bros. Contr. v Town Bd., supra).* Concur—Asch, J. P., Rubin, Nardelli and Tom, JJ.