■ In the Matter of GEORGE F. KOLSCH, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents. [621 NYS2d 628] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City School Construction Authority, dated July 18, 1994, directing the petitioner to become a participant in a "New York State registered apprenticeship program", the appeal is from a judgment of the Supreme Court, Queens County (Milano, J.), dated September 1, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, George F. Kolsch, Inc. (hereinafter Kolsch), submitted a bid on a New York City School Construction Authority (hereinafter SCA) contract. In a letter dated July 18, 1994, the SCA advised Kolsch that in order for it to be awarded the contract it would have to become a participant in a "New York State registered apprenticeship program". Kolsch had been a participant in an apprenticeship program which the New York State Department of Labor (hereinafter DOL) had "deregistered" in a determination dated April 5, 1994. As a result, Kolsch was barred from participating in another apprenticeship program for a period of one year. Kolsch commenced this proceeding pursuant to CPLR article 78 claiming that the determination of the SCA, that Kolsch had to participate in an apprenticeship program in order to be awarded the contract, was arbitrary and capricious.

The Supreme Court properly dismissed the proceeding. The SCA is expressly exempt from General Municipal Law § 103 (Public Authorities Law § 1734 [1] [a]). Its policy of awarding contracts in excess of one million dollars only to bidders that participate in State approved apprenticeship programs is authorized by Public Authorities Law § 1734 (3) (a), which requires the SCA to "establish guidelines governing the qualifications of bidders entering into contracts". Since the precondition imposed by the SCA is authorized by Public Authorities Law § 1734 (3) (a), it is not invalid (cf., Associated Bldrs. & Contrs. v City of Rochester, 67 NY2d 854, 855-856). Moreover, acting under its guidelines, it was not arbitrary or capricious for the SCA to refuse to award the contract to Kolsch based upon the DOL determination that Kolsch is not eligible to

register or join any apprenticeship training program, including an already existing program, for a period of one year.

The SCA's requirement that its contractors participate in New York State registered apprenticeship programs is not preempted by the Employee Retirement Income and Security Act of 1974 (29 USC § 1001 *et seq.*) (hereinafter ERISA). The DOL is the sole administrative agency responsible for approval and registration of apprenticeship training programs in New York for Federal as well as State purposes *(see, Joint Apprenticeship & Training Council v New York State Dept. of Labor,* 984 F2d 589, 591 [2d Cir]). If we were to hold that ERISA preempts the authority of the DOL to register or deregister apprenticeship programs we would frustrate enforcement of the Fitzgerald Act *(see,* 29 CFR § 29.1 *et seq.* [1992])* which, as implemented by the United States Department of Labor, "define[s] the requirements of apprenticeship programs and establish[es] processes for review, registration and deregistration of apprenticeship training programs administered by federally recognized State Apprenticeship Agencies or Councils" *(Joint Apprenticeship & Training Council v New York State Dept. of Labor, supra,* at 591). Rosenblatt, J. P., Pizzuto, Hart and Florio, JJ., concur.