◼ In the Matter of ASTRO WATERPROOFING & RESTORATION CORP., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent, et al., Respondent. [643 NYS2d 165] —In a proceeding pursuant to CPLR article 78, *inter alia,* to permanently enjoin the respondent New York City School Construction Authority from awarding an exterior restoration contract to any bidder other than the petitioner, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated August 14, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the proceeding. The New York City School Construction Authority (hereinafter SCA) is expressly exempt from the requirements of General Municipal Law § 103 (*see,* Public Authorities Law § 1734 [1] [a]). The SCA's policy of awarding contracts in excess of $1,000,000 only to bidders that participate in State-approved apprenticeship programs is authorized by Public Authorities Law § 1734 (3) (a), which requires the SCA to "establish guidelines governing the qualifications of bidders entering into contracts". Acting under its guidelines, it was not arbitrary or capricious for the SCA to refuse to award the contract at issue to the petitioner based upon the determination that two of the petitioner's subcontractors were not participants in State-approved apprenticeship programs at the time of the opening of the bid (*see,* Public Authorities Law § 1735 [5]; *Matter of George F. Kolsch, Inc. v New York City School Constr. Auth.,* 211 AD2d 680).

We have reviewed the petitioner's remaining contention and find it to be without merit. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.