■ AVON ELECTRICAL SUPPLIES, INC., et al., Plaintiffs, v CHRIST GATZONIS ELECTRIC CONTRACTORS, INC., Also Known as GATZONIS ELECTRIC, INC., et al., Defendants, COLONIA INSURANCE COMPANY, Appellant, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [652 NYS2d 72] —In an action, *inter alia,* to recover for goods sold and delivered, the defendant Colonia Insurance Company appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 28, 1995, as denied the branch of its motion which was for summary judgment on its cross claim against the defendant New York City School Construction Authority.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the branch of the motion of the defendant Colonia Insurance Company (hereinafter Colonia) for summary judgment against the defendant New York City School Construction Authority (hereinafter the SCA) for the moneys the SCA withheld from Colonia's principal, the defendant Christ Gatzonis Electric Contractors, Inc. (hereinafter Gatzonis), for work Gatzonis performed under certain school construction contracts prior to their termination by the SCA. The payments which were withheld by the SCA do not constitute assets of a Lien Law article 3-A trust (*see, Tri-City Elec. Co. v People,* 96 AD2d 146, 152, *affd* 63 NY2d 969; *Palmer Constr. v Hines,* 154 Misc 2d 248, 251; *Fehlhaber Corp. v Levitt,* 64 Misc 2d 495, 497; *see also, Interel Envtl. Tech. v United Jersey Bank,* 894 F Supp 623, 634; 3 Warren's Weed, New York Real Property, Mechanics' Liens, § 15.03 [5] [4th ed]).

Nor may Colonia recover from the SCA pursuant to the contracts, since there are criminal charges pending against Gatzonis which relate to the disputed contracts. If the criminal charges against Gatzonis are sustained, the SCA may rescind

the contracts and not be liable to Gatzonis for work performed thereunder (*see, Jered Constr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 193). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.