■ PROTE CONTRACTING CO., INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY (CHRISTOPHER COLUMBUS H.S.), Respondent. [670 NYS2d 562] —In an action to recover sums due under a contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated September 3, 1996, as granted those branches of the

defendant's motion which were for leave to serve an amended answer asserting an additional defense of fraud in the inducement, and, upon amending the answer, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On or about November 21, 1989, the plaintiff Prote Contracting Co., Inc. (hereinafter Prote), submitted a bid to the defendant New York City School Construction Authority (hereinafter the SCA) on a contract to paint the interior of Christopher Columbus High School in the Bronx. Prote was awarded the contract on the basis of that bid and its application for prequalification as a responsible bidder. After the work had been completed, Prote commenced the instant action to recover the remaining balance due under the contract. The defendant moved, *inter alia,* to amend its answer so as to include a defense of fraud in the inducement, and for summary judgment dismissing the complaint on that ground. The court granted the motion and Prote appeals.

The prequalification form (hereinafter the PQF) submitted by Prote to the SCA in connection with its construction bid, contained false statements as to the prior criminal record of Theoclitos Demetriades, its president and sole owner. Specifically, Prote, on the form filled out and certified by Demetriades, had answered "no" to the questions whether Demetriades had ever "been the subject of an investigation involving any alleged violation of a criminal law", or had ever "been arrested [or] indicted * * * in any indictment or other accusatory instrument". In addition, Prote answered "no" to the question of whether it or anyone connected with it had "given, or offered to give, money or any other benefit to a public servant with intent to influence that public servant".

It was only after the subject contract had been awarded, the work thereunder had been completed, and Prote had commenced this action for moneys allegedly due on the contract, that the SCA discovered that the above answers in the PQF were false. In particular, the SCA learned that Demetriades had been arrested on felony gun possession charges in December 1987, and subsequently was convicted in May 1988 of attempted criminal possession of a weapon, upon his plea of guilty. In addition, the SCA learned that as a result of a joint Federal, State, and City investigation of allegations of bribery, fraud, and racketeering involving New York City Board of Education officials, Demetriades allegedly paid a $10,000 cash bribe to Stuart Horowitz, former Deputy Director of Maintenance in the Board's Division of School Facilities, in or about

July 1986, in order to obtain a favorable ruling with respect to work that Prote had performed for the Board (*see also, Prote Contr. Co. v Board of Educ.,* 230 AD2d 32).

The SCA then moved, *inter alia,* to amend its answer to include the defense of fraud in the inducement, claiming that had it been given accurate information in the bidding process, it would not have awarded Prote the contract but would have determined that it was a non-responsible bidder. The SCA also moved for summary judgment dismissing the complaint on the ground that Prote had fraudulently induced the contract and, pursuant to established law, was not entitled to recovery on a contract which was void as against public policy. The Supreme Court granted the branches of the motion which were to amend, and on amendment for summary judgment dismissing the complaint.

Contrary to Prote's contentions, the Supreme Court properly granted that branch of the motion of the SCA which was for leave to amend its answer, since there was no inordinate delay in seeking such relief and no prejudice would inure to Prote (*see,* CPLR 3025 [b]; *National States Elec. Corp. v City of New York,* 225 AD2d 745, 749; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436, 437).

Moreover, the court properly determined that the SCA was entitled to summary judgment on its defense of fraud in the inducement of the construction contract. In accordance with Public Authorities Law § 1725 *et seq.,* the SCA had promulgated guidelines (*see,* 21 NYCRR part 9600 *et seq.*) for the qualification and evaluation of contractors (*see generally, Matter of Astro Waterproofing & Restoration Corp. v New York City School Constr. Auth.,* 227 AD2d 553; *Matter of George F. Kolsch, Inc. v New York City School Constr. Auth.,* 211 AD2d 680). These guidelines provide that all contractors wishing to contract with the SCA must complete a prequalification application which includes inquiries regarding a prospective contractor's reliability and responsibility, and the integrity of the firm, its affiliates and current and past owners and principals. Through the prequalification process, the SCA may decline to contract with a prospective contractor that fails to meet its integrity and ethics standards. Indeed, it is well established that in determining the lowest responsible bidder, "the municipal agency charged with the function is rightfully concerned with the bidder's responsibility—an elastic word which includes considerations of skill, judgment and integrity" (*Abco Bus Co. v Macchiarola,* 75 AD2d 831, 833 [Hopkins, J., dissenting], *revd for reasons stated in dissent at App Div,* 52 NY2d 938; *Matter*

*of Giampilis Constr. Corp. v Diamond,* 210 AD2d 64; *Matter of LaCorte Elec. Constr. & Maintenance v County of Rensselaer,* 195 AD2d 923).

Here, not only did the SCA rely upon the false statements in awarding the contract to Prote, the statements prevented the SCA from conducting a thorough investigation into Prote's qualifications prior to the commencement or completion of the work. As a result of the false statements, the SCA was unable to make an informed decision as to which contractor was indeed the "lowest responsible bidder" *(see, Wolff & Munier v New York City School Constr. Auth.,* 224 AD2d 683; *Matter of Mid-State Indus. v City of Cohoes,* 221 AD2d 705; *Matter of Bay Harbour Elec. v County of Chautauqua,* 210 AD2d 919; *Matter of Dentom Transp. v New York City Human Resources Admin.,* 155 Misc 2d 31). Thus, we agree with the court's determination that the nature of the false statements was such that Prote is not entitled to recover any further sums under the contract *(see, Abco Bus Co. v Macchiarola, supra,* 75 AD2d, at 831; *Matter of Citywide Factors v New York City School Constr. Auth.,* 228 AD2d 499; *Matter of Positive Transp. v City of N. Y. Dept. of Transp.,* 183 AD2d 660; *Matter of Crescent Bus Corp. v Board of Educ.,* 95 AD2d 776; *see also, Avon Elec. Supplies v Christ Gatzonis Elec. Contrs.* 235 AD2d 380). Mangano, P. J., Joy, Altman and Luciano, JJ., concur.