■ In the Matter of PERMIS CONSTRUCTION CORP., Appellant, v CITY OF NEW YORK (DEPARTMENT OF PARKS AND RECREATION) et al., Respondents. WELBY, BRADY & GREENBLATT, L. L. P., Appellant, v CITY OF NEW YORK, Acting by and Through the Department of Parks and Recreation, Respondent. [684 NYS2d 205] —Order, Supreme Court, New York County (Charles Tejada, J.), entered on or about June 10, 1997, and order and judgment (one paper), same court (Harold Tompkins, J.), entered April 27, 1998, each of which denied and dismissed a petition seeking a judgment, pursuant to CPLR article 78, to stay, restrain and enjoin respondents City and Excel from performing or permitting any work pursuant to Contract M030-193 and awarding the contract to petitioner as the lowest bidder, unanimously affirmed, without costs.

Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered April 27, 1998, which dismissed, as moot, petitioner's application pursuant to CPLR article 78 for a finding that the City of New York failed to perform a duty respecting the release of bid documentation

enjoined upon it by the Freedom of Information Law (FOIL), and to compel respondent City to perform such duty, unanimously affirmed, without costs.

In these consolidated appeals arising out of respondent City's handling of bids and bid documentation with respect to a Parks Department project, we agree with the article 78 court that there was a rational basis for respondent agency's determination that petitioner Permis's bid was nonresponsive, and for its consequent determination to award the subject contract to respondent Excel (*see, Matter of P & C Giampilis Constr. Corp. v Diamond*, 210 AD2d 64).

With respect to the petition arising out of petitioner law firm's FOIL request for the release of bid documentation, we agree with the article 78 court that the issue raised by that petition is moot, and find that since there is no indication that the issue raised will recur, much less that it will do so so as typically to evade review, we perceive no basis for invocation of the exception to the mootness doctrine set forth in *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 714). We have considered petitioners' additional claims and find them unpersuasive. Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.