■ CHRIST GATZONIS ELECTRICAL CONTRACTOR, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [745 NYS2d 914]

It is well established that contracts procured through fraudulent and collusive bidding are void as against public policy, and where work is done pursuant to such illegal municipal contracts, no recovery may be had by the vendor, either on the contract or in quantum meruit, and the municipality can recover from the vendor all amounts paid under such contracts (*see S.T. Grand, Inc. v City of New York,* 32 NY2d 300, 305; *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 193). We agree with the Supreme Court that there is no issue of fact as to whether the plaintiff engaged in a bid-rigging and bribery scheme. Thus, the defendant was entitled to rescind the contracts at issue and seek recoupment for moneys already paid under such contracts (*see D'Angelo v Cole,* 67 NY2d 65, 70; *Prote Contr. Co. v New York City School Constr. Auth.,* 248 AD2d 693, 696).

The Supreme Court properly exercised its discretion in entertaining the defendant's motion for summary judgment even though the motion was not made within the time constraints of the court's preliminary conference order and the parties' subsequent so-ordered stipulation (*see Maravalli v Home Depot U.S.A.,* 266 AD2d 437).

The plaintiff's remaining contentions are without merit. Santucci, J.P., S. Miller, Goldstein, Townes, JJ., concur.