*631 In an action, inter alia, to recover damages for fraud, breach of contract, unjust enrichment, and violation of General Business Law § 349, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Burke, J.), dated December 18, 2007, which denied its motion, among other things, for summary judgment on the issue of liability and granted the cross motion of the defendants All County Paving Corp., Pav-Co Asphalt, Inc., Prima Asphalt Concrete, Inc., William Louis Fehr, Sr., William Louis Fehr, Jr., Suffolk Asphalt Supply, Inc., and James Kenneth Haney and the separate cross motion of the defendants Sundial Asphalt Co., Inc., and Frank Gerald Schambra for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court (Pastoressa, J.) entered April 9, 2008, in favor of the defendants and against it, dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff, County of Suffolk, brought this action against the defendants All County Paving Corp. (hereinafter All County), Suffolk Asphalt Supply, Inc. (hereinafter Suffolk Asphalt), Pav-Co Asphalt, Inc. (hereinafter Pav-Co), Prima Asphalt Concrete, Inc. (hereinafter Prima Asphalt), Sundial Asphalt Co., Inc. (hereinafter Sundial), James Kenneth Haney, William Louis Fehr, Jr., William Louis Fehr, Sr., and Frank Gerald Schambra, jointly and severally, asserting causes of action to recover damages for, inter alia, breach of contract, unjust enrichment, and violation of General Business Law § 349. The County alleged that the defendants’ engagement in illegal bid-rigging in connection with county construction contracts rendered certain contracts they had been awarded illegal and void. All County and Pav-Co asserted counterclaims seeking to recover outstanding balances owed to them under certain County contracts.
*632 The County moved for summary judgment on the issue of liability on the ground that the defendants were barred by the doctrine of collateral estoppel from contesting liability based on their pleas of guilty in a federal criminal proceeding to a charge of conspiracy to commit mail fraud in connection with County contracts. All County, Pav-Co, Prima Asphalt, Fehr, Jr., Fehr, Sr., Suffolk Asphalt, and Haney cross-moved for summary judgment dismissing the complaint insofar as asserted against them. Sundial and Schambra cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The defendants contended, inter alia, that none of the specific contracts set forth in the County’s moving papers were the subject of the federal indictment charging conspiracy to commit mail fraud or their pleas of guilty thereto. The Supreme Court denied the County’s motion and granted the defendants’ cross motions, finding, among other things, as it did in separate actions brought by All County and Pav-Co to recover balances due under the same contracts set forth in its counterclaims herein (see All County Paving Corp. v County of Suffolk, 66 AD3d 617 [2009] [decided herewith]; Pav-Co Asphalt, Inc. v County of Suffolk, 66 AD3d 660 [2009] [decided herewith]), that the defendants’ pleas and plea agreements in the federal prosecution were unrelated to the contracts at issue herein. We affirm.
“Collateral estoppel is based upon the notion that a party should not be permitted to relitigate issues which have previously been resolved against the party in a prior proceeding in which that party had a fair opportunity to fully litigate the point” (City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 41 [2009]; see Green v Montgomery, 95 NY2d 693, 701 [2001]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). “Where a criminal conviction is based on facts identical to those in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of liability” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 41; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; McDonald v McDonald, 193 AD2d 590 [1993]). “The doctrine applies whether the conviction results from a plea or a trial” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; Blaich v Van Herwynen, 37 AD3d 387, 388 [2007]). “The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in prior proceeding, and is decisive of the present action” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; see Buechel v Bain, 97 NY2d 295, 303-304 [2001]; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664).
*633 In the instant action, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law by showing that the issue decided in the federal criminal proceeding was identical to the decisive issue herein (cf. City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; cf. also Christ Gatzonis Elec. Contr. v New York City School Constr. Auth., 297 AD2d 272 [2002]; Prote Contr. Co. v New York City School Constr. Auth. [Christopher Columbus H.S.], 248 AD2d 693 [1998]). In light of the County’s failure to sustain its burden, the defendants’ opposing papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Moreover, the defendants sustained their burden of demonstrating their entitlement to summary judgment dismissing the complaint on their cross motions, based on the inapplicability of collateral estoppel, and the County failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly denied the County’s motion and granted the defendants’ cross motions.
In view of our determination, we need not address the parties’ remaining contentions. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.
Separate motions by the respondents Suffolk Asphalt Supply, Inc., and James Kenneth Haney, and the respondents Sundial Asphalt Co., Inc., and Frank Gerald Schambra, to dismiss appeals from an order of the Supreme Court, Suffolk County, dated December 18, 2007, and a judgment of the same court entered April 9, 2008, on the ground that the appeals have been rendered academic. By decision and order on motion of this Court dated April 23, 2009 [2009 NY Slip Op 70424(U)], the motions were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the motions are denied. Mastro, J.E, Santucci, Eng and Lott, JJ., concur.
Motion by the appellant on appeals from an order of the Supreme Court, Suffolk County, dated December 18, 2007, and a judgment of the same court entered April 9, 2008, to strike *634 the brief of the respondents Suffolk Asphalt Supply, Inc., and James Kenneth Haney on the ground that it raises issues not properly before this Court. Separate motion by the respondents Suffolk Asphalt Supply, Inc., and James Kenneth Haney to strike the appellant’s reply brief. By decisions and orders on motions of this Court dated September 26, 2008 [2008 NY Slip Op 84095(U)], and November 6, 2008 [2008 NY Slip Op 88402(U)], respectively, the motions were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the motions are denied. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.