In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Burke, J.), dated December 18, 2007, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs cross motion for summary judgment on the complaint, and (2) a judgment of the same court (Pastoressa, J.), dated March 17, 2008, which, upon the order, is in favor of the plaintiff and against it in the total sum of $465,459.29.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff Pav-Co Asphalt, Inc. (hereinafter Pav-Co) brought this action to recover outstanding balances due under construction contracts it entered into with the defendant County of Suffolk on or about April 8, 2004, and September 30, 2004. The County served an answer with counterclaims', alleging that Pav-Co was collaterally estopped from recovering under those contracts by virtue of its plea of guilty, and the plea of guilty of William Fehr, Sr., its principal, in a federal criminal proceeding to a charge of conspiracy to commit mail fraud in connection with County construction contracts during the period July 2003 through September 2005.
The County moved for summary judgment dismissing the complaint. The County argued that the contracts on which Pav-Co sought to recover were illegal and void based on the pleas of guilty of Pav-Co and Fehr, Sr., in the federal criminal proceeding and that, therefore, the County was excused from paying any amounts due under those contracts. Pav-Co cross-moved for summary judgment on the complaint. Pav-Co argued, inter alia, that the doctrine of collateral estoppel was inapplicable because the contracts that were the subject of the federal criminal proceeding were not the contracts at issue in the instant action. The Supreme Court denied the County’s motion, granted Pav-Co’s cross motion, and entered judgment in PavCo’s favor for the total sum sought in the complaint. We affirm.
“Collateral estoppel is based upon the notion that a party *661 should not be permitted to relitigate issues which have previously been resolved against the party in a prior proceeding in which that party had a fair opportunity to fully litigate the point” (City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 41 [2009]; see Green v Montgomery, 95 NY2d 693, 701 [2001]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]). “Where a criminal conviction is based on facts identical to those in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of liability” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 41; see D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; McDonald v McDonald, 193 AD2d 590, 590 [1993]). “The doctrine applies whether the conviction results from a plea or a trial” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; Blaich v Van Herwynen, 37 AD3d 387, 388 [2007]). “The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action” (City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; see Buechel v Bain, 97 NY2d 295, 303-304 [2001]; D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664).
In the instant action, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law by showing that the issue decided in the federal criminal proceeding was identical to the decisive issue herein (cf. City of New York v College Point Sports Assn., Inc., 61 AD3d at 42; Christ Gatzonis Elec. Contr. v New York City School Constr. Auth., 297 AD2d 272 [2002] ; Prote Contr. Co. v New York City School Constr. Auth. [Christopher Columbus H.S.], 248 AD2d 693 [1998]). In light of the County’s failure to sustain its burden, the Supreme Court properly denied the County’s motion for summary judgment dismissing the complaint (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Moreover, the Supreme Court properly granted Pav-Co’s cross motion for summary judgment on the complaint, since Pav-Co demonstrated that it satisfactorily performed the work called for in the contracts and that the County owed it payments thereunder, which Pav-Co was not collaterally estoppel from receiving. In opposition to Pav-Co’s prima facie showing of entitlement to judgment as a matter of law, the County failed to raise a triable issue of fact. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.
*662 Motion by the respondent to dismiss appeals from an order of the Supreme Court, Suffolk County, dated December 18, 2007, and a judgment of the same court dated March 17, 2008, on the ground that the appeals have been rendered academic. By decision and order on motion of this Court dated April 23, 2009 [2009 NY Slip Op 70424(U)], the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the motion is denied. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.