OMNI CONTRACTING COMPANY, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [922 NYS2d 795]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated September 25, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for breach of a construction contract. The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff was not entitled to recover damages

since the defendants were fraudulently induced to enter into the construction contract (*see S.T. Grand, Inc. v City of New York*, 32 NY2d 300, 305 [1973]; *Christ Gatzonis Elec. Contr. v New York City School Constr. Auth.*, 297 AD2d 272 [2002]; *Prote Contr. Co. v New York City School Constr. Auth. [Christopher Columbus H.S.]*, 248 AD2d 693 [1998]). The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff made false statements on a vendor information exchange and on certifications of no change, with the intent of deceiving the defendants as to the plaintiff's posture as the lowest responsible bidder so as to induce the defendants to act upon those false statements, thereby causing injury to the extent that the defendants were unable to make an informed decision as to which contractor was in fact the lowest responsible bidder (*see Prote Contr. Co. v New York City School Constr. Auth. [Christopher Columbus H.S.]*, 248 AD2d 693 [1998]; *see generally Dong Sheng Lu v Equitable Co.*, 6 AD3d 650 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.