Matter of AIDS Healthcare Found. v New York City Dept. of Health & Mental Hygiene (2022 NY Slip Op 02751)

Matter of AIDS Healthcare Found. v New York City Dept. of Health & Mental Hygiene

2022 NY Slip Op 02751

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 152019/21 Appeal No. 15796 Case No. 2021-02563 

[*1]In the Matter of AIDS Healthcare Foundation, Plaintiff-Appellant,
v
New York City Department of Health and Mental Hygiene, Respondent-Respondent, Public Health Solutions, Interested/Necessary Party-Respondent.

Bond, Schoeneck & King PLLC, Albany (Stuart F. Klein of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for New York City Department of Health and Mental Hygiene, respondent.
Winget, Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for Public Health Solutions, respondent.

Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered June 17, 2021, denying the petition to overturn an October 26, 2020 determination by the interested/necessary party-respondent Public Health Solutions (PHS) that petitioner's proposal was nonresponsive to a Request for Proposals (RFP) initiated by PHS on behalf of respondent New York City Department of Health and Mental Hygiene (DOHMH), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This case stems from DOHMH's request for proposals for medical clinics that would be allocated federal funding to provide care to people with HIV. Petitioner PHS submitted a proposal, that was denied as non-responsive because it did not contain the required proof of accreditation. PHS's role in reviewing the proposals for responsiveness was not arbitrary and capricious, as PHS did not act unilaterally in rejecting the proposal. Rather, PHS and DOHMH together concluded that the failure to meet the accreditation requirement, at the time the proposal was submitted, would render an organization ineligible to bid.
Nor was the RFP's accreditation requirement, that proposers submit proof of current accreditation at the time the proposal was submitted, arbitrary and capricious (see e.g. Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 67-68 [1996]). In implementing its procurement process, DOHMH may impose certain requirements that exclude a class of would-be bidders, such as petitioner, if the requirements are both rational and essential to the public interest (see id. at 68). The requirement that an entity submitting a proposal be an accredited clinic at the time the proposal is submitted is reasonable and rationally related to the contract's purpose of efficiently providing expanded clinical services to people with HIV in underserved communities (see V. Barile Inc. v Morales, 68 AD3d 415, 415 [1st Dept 2009]). Similarly, there was nothing arbitrary and capricious in DOHMH's rejection of petitioner's proposal on the sole grounds that petitioner submitted only conditional accreditation and therefore failed to meet the literal requirements of the RFP (see Matter of P & C Giampilis Constr. Corp. v Diamond, 210 AD2d 64, 66 [1st Dept 1994]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022